## COMMONWEALTH *vs.* MR. M.[1]

Middlesex. November 5, 1990. - February 28, 1991.

Present: LIACOS, C.J., WILKINS, ABRAMS, NOLAN, LYNCH, O'CONNOR, & GREANEY, JJ.

*Practice, Criminal*, Agreement between prosecutor and defendant, Sentence, Conduct of government agents. *District Attorney.*

A criminal defendant's cooperation with a State police officer in obtaining certain evidence, in exchange for the officer's promise that he would recommend a nonincarcerative sentence on the drug charges for which the defendant was indicted, did not entitle him to a prosecutorial recommendation of such a sentence; however, in the circumstances, the sentencing judge was to consider on remand whether considerations of fairness to the defendant obliged the Commonwealth to make the sentencing recommendation that he sought. [542-544]

INDICTMENTS found and returned in the Superior Court Department on February 4, 1987.

The cases were heard by *James D. McDaniel, Jr.,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*James B. Krasnoo* for the defendant.

*Edward D. Rapacki,* Assistant District Attorney (*Catherine E. Sullivan,* Assistant District Attorney, with him) for the Commonwealth.

WILKINS, J. The defendant contends, as he did unsuccessfully in the Superior Court, that he was entitled to a sentencing recommendation from the Commonwealth that he serve no time in prison on the drug charges for which he was indicted. He seeks enforcement of promises allegedly made to

---

[1]The Appeals Court impounded the proceedings. We do not use the defendant's name. Because he acted for the Commonwealth in seeking evidence against drug dealers, it is said that his life would be in jeopardy if his name were disclosed.

him that the prosecutor would recommend "street time," if (as he did) the defendant obtained significant evidence against a certain drug dealer. Because the prosecution made no such sentencing recommendation and the sentence imposed on the defendant included time to be served in State prison, the defendant asks us to order that his sentence be vacated and that he be resentenced following a recommendation from the prosecution that he serve no time in prison. Execution of the defendant's sentence has been stayed pending his appeal.

In February, 1987, a Middlesex County grand jury indicted the defendant for trafficking in cocaine with a net weight of 200 grams or more (G. L. c. 94C, § 32E [b] [4] [1988 ed.]), possession of cocaine with intent to distribute (G. L. c. 94C, § 32A [a] [1988 ed.]), and conspiracy to traffic in cocaine (G. L. c. 94C, § 40 [1988 ed.]). Following his indictment, the defendant undertook to cooperate with authorities in Middlesex County to obtain evidence against substantial drug dealers. When he was unsuccessful in Middlesex County, by agreement with Middlesex County authorities, the defendant made similar efforts in Essex County where he lived. He dealt with State police Lieutenant James Jejuga, the supervisor of the Essex County drug task force. In October, 1987, Jejuga identified a suspected drug dealer whom he wanted to convict of a major drug offense. He told the defendant that, if the defendant "delivered" the suspect, Jejuga would give an "on the street" recommendation. The defendant was successful, and a Federal grand jury indicted the person whom Jejuga sought. Jejuga described the defendant's work as very helpful to the effort.

During the time when, at considerable personal risk, the defendant obtained evidence against the suspected drug dealer, the office of the district attorney in Middlesex County had a policy, not generally disclosed, that, no matter the level of cooperation, it would always recommend on serious drug charges that the defendant serve at least some time in prison. The assistant district attorney who handled the defendant's case did not learn of this policy until after the defendant had

begun to seek evidence for Jejuga. There was evidence that Sergeant Waterman, head of the narcotics division of the Lowell police department, who had dealt previously with the prosecutor with respect to numerous cooperating persons, knew of the policy, encouraged the defendant's cooperation in Middlesex and Essex counties, but did not tell the defendant or his counsel of that policy. The prosecutor had told the defendant's counsel that he would be satisfied with the defendant's level of cooperation if Waterman were satisfied. It is clear, however, that the policy became known to the defendant and his counsel while the defendant was continuing his undercover work and before he had obtained the evidence that Jejuga said would justify his recommendation of "street time" only.

Because of the defendant's cooperation, the prosecutor offered to nolle prosequi that portion of the charges against the defendant that called for mandatory minimum prison terms and then to recommend a sentence of from three to five years in State prison, service of all but one year of which would be suspended, with no fine, provided that the defendant entered guilty pleas and joined in the sentencing recommendation. The defendant rejected the offer and moved to dismiss those portions of the indictments that charged crimes calling for the imposition of mandatory minimum sentences, contending that, because of Jejuga's promises and the defendant's resulting cooperation, the Commonwealth was in breach of its obligation to recommend a nonincarcerative sentence. Alternatively, the defendant moved that the court order the Commonwealth to recommend the promised "on the street" sentence.

The judge denied the motion to dismiss portions of the indictments or to order the Commonwealth to make a recommendation consistent with the promises the defendant asserted that he had received. The judge ruled that Jejuga had no apparent authority to bind the Middlesex County prosecutor (prosecutor). The judge also rejected the defendant's claim that, although he did not enter a guilty plea before he knew that the prosecutor would not recommend an "on the

street" sentence, he nevertheless acted to his detriment in reasonable reliance on the alleged promises, by engaging in dangerous undercover work, so that in fairness the alleged promises should be specifically enforced.

The judge further ruled that the defendant had no reasonable grounds to interpret Jejuga's promises of an "on the street" recommendation, in exchange for cooperation, as a promise that the prosecutor would make such a recommendation to the sentencing judge. It is apparent that Jejuga promised that, if the defendant were successful in helping him, Jejuga would make a recommendation of an "on the street" sentence to the prosecutor, and that he did so. The judge's finding that Jejuga promised an "on the street" recommendation does not state to whom Jejuga said he would make the recommendation. Jejuga testified that he did not promise that the prosecutor would recommend a street sentence to the sentencing judge but rather that he promised to make such a recommendation to the prosecutor. On the other hand, Jejuga also testified that he told the defendant that he was convinced that an "on the street" recommendation from him would result in an "on the street" recommendation from the district attorney.

In order to preserve his appellate rights with respect to his motion to dismiss, the defendant waived his right to a jury trial and agreed with the prosecution on a stipulation of facts that was presented to the judge. The Commonwealth asked the judge to find the defendant guilty on each indictment, but only as to so much of the indictments as would not require mandatory sentences. The judge found the defendant guilty on all three indictments to the extent requested by the Commonwealth. Consistent with the sentencing offer it made to the defendant, the Commonwealth recommended that the defendant be sentenced, concurrently on all charges, to a term of from three to five years, and that service of all but one year be suspended. The judge accepted the Commonwealth's recommendation, ordering the defendant placed on probation for three years. We transferred the defendant's appeal here on our own motion.

The defendant contends that he was treated unfairly and that he was entitled to a prosecutorial recommendation to the sentencing judge that he not serve any time in prison. The prosecutor never promised that, if certain events occurred, he would make such a recommendation, nor did any other representative of the Commonwealth promise that the prosecutor would so recommend to the judge. On the other hand, the defendant may have engaged in certain undercover work, reasonably believing that, if he were successful, the prosecution could and would recommend a "no prison time" sentence. An equitable consideration in favor of the defendant is that the prosecution's policy position (that it would not recommend street time for a defendant convicted of a serious drug offense) was not generally disclosed and that the defendant was not so advised before he began his undercover work. Even the assistant district attorney handling the case was unaware of the policy. As we have noted above, Sergeant Waterman, to whom the prosecutor referred the defendant, knew of the policy and knew that the defendant, charged with such a crime, hoped to avoid serving any time in prison, but he did not tell the defendant or his attorney of that policy. Consequently, the defendant may have undertaken certain phases of his risky undercover work in the reasonable expectation that, if he were successful, he could expect a prosecution recommendation that he serve no time in prison.

A weakness of the defendant's argument is that, before he had acquired undercover evidence of sufficient proportions to justify the "no prison time" recommendation that he thought he could earn, he and his counsel learned that the district attorney's office, as a policy, would never recommend a "street time" sentence on a conviction of a serious drug offense. Nevertheless, the defendant and his counsel did not then cry "foul." Faced with charges that could lead to a mandatory sentence of substantial duration, the defendant arguably had good reason to continue his efforts to earn favorable prosecutorial consideration (even if he could not earn a recommendation that no time be served in prison). The knowledge that his efforts could not earn a recommenda-

tion of no prison time did not cause him to cease his efforts. It is, therefore, apparent that after a particular point the defendant could not have proceeded in his undercover efforts reasonably believing that his efforts, if successful, would result in an "on the street" recommendation.

Because there was no agreement between the defendant and Jejuga that, if the defendant were successful, the prosecution would recommend a nonincarcerative sentence, we need not deal with the questions (1) whether the facts required a finding that Jejuga had apparent authority to bind the prosecutor and (2) whether a State police officer working in one county may bind a prosecutor in another county because of the officer's apparent authority to do so.[2]

Even if, in a contractual sense, there was no enforceable obligation to make an "on the street" recommendation, the question of fairness in the Commonwealth's treatment of the defendant is involved in this case. See *Commonwealth* v. *Smith*, 384 Mass. 519, 522 (1981) (even where no contract exists, principles of fundamental fairness must be considered); *Commonwealth* v. *Spann*, 383 Mass. 142, 146 (1981) (no promise on which defendant could reasonably rely); *Commonwealth* v. *Tirrell*, 382 Mass. 502, 512 (1981) (no detrimental reliance on prosecutor's statement shown). Cf. *Doe* v. *District Attorney for the Plymouth Dist.*, 29 Mass. App. Ct. 671, 673-674 (1991) (fairness requires that government abide by plea agreement once accused person reasonably has relied on it to his detriment, even if detrimental reliance occurs before entry of guilty plea). The judge did not deal with this issue in his decision.

If representatives of the district attorney's office permitted the defendant reasonably to believe that his successful cooperation in obtaining evidence of substantial drug violations would lead to a sentencing recommendation of "street time" only and if the defendant, reasonably relying on that appar-

---

[2] A defendant who wants assurances concerning the consequences of his cooperation should obtain those assurances directly from the prosecutor, preferably with the involvement of counsel and in writing.

ent opportunity in order to aid his sentencing prospects, engaged in dangerous undercover work that he would have eschewed without the prospect of a "street time" recommendation, fairness obliges the Commonwealth to make the sought-after sentencing recommendation. Because the judge made no findings on this point, we shall remand the case for him to decide the facts and rule on this unresolved issue. If the judge should decide this question in favor of the defendant, the sentencing of the defendant should be considered by another judge.

The sentence is vacated and the case is remanded to the Superior Court for further proceedings.

*So ordered.*