*Fazal Raheman*, pro se.

SAMUEL MOE *vs.* SEX OFFENDER REGISTRY BOARD. June 28, 2005. *Sex Offender. Sex Offender Registration and Community Notification Act. Moot Question. Administrative Law,* Agency's authority.

The plaintiff appeals from the dismissal of his Superior Court complaint for judicial review, pursuant to G. L. c. 30A, § 14, and G. L. c. 6, § 178M, of a final classification decision of the Sex Offender Registry Board (board). The motion judge concluded that he lacked jurisdiction to hear the matter because it was not filed within thirty days of Moe's receipt of notice of the agency's decision. See G. L. c. 30A, § 14 (1). Moe contends on appeal that he lost the opportunity to obtain judicial review due to the ineffectiveness of his appointed counsel, and that, as a result, he should be permitted to obtain G. L. c. 30A review on the merits through reinstatement of his appellate rights. We need not reach the merits of Moe's claims because events subsequent to the transfer of Moe's appeal here have rendered the appeal moot.

After we transferred the case here on our own motion, the board "reissued" its classification decision, and informed Moe that it would not contest the timeliness of any new complaint for judicial review that Moe might file within thirty days of his receipt of the reissued classification decision. Thereafter, the board moved to dismiss Moe's appeal on the ground that it was moot. Moe received the reissued decision on March 21, 2005, after which he filed a motion in the Superior Court seeking an enlargement of time to file a complaint for judicial review of the reissued decision until after this appeal is decided. Moe's motion was allowed by a Superior Court judge, thereby preserving Moe's right to challenge the board's reissued classification decision in the Superior Court.

Moe has obtained precisely the relief he sought by this appeal — an opportunity to pursue a G. L. c. 30A review of the board's classification decision in the Superior Court. In these circumstances, Moe's claims are moot, and we need not reach their merits. See *Matter of Sturtz,* 410 Mass. 58, 59-60 (1991), quoting *Metros* v. *Secretary of the Commonwealth,* 396 Mass. 156, 159 (1985).

While Moe acknowledges that, as a result of the board's actions he can receive all that he asks us to grant him without court intervention, he nonetheless asserts that the case is not moot and urges us to reach the merits of his claims. Moe contends that, because this appeal was pending on the date that the board reissued its decision, the board lacked jurisdiction over the dispute, its reissued decision is a nullity, and this appeal is not moot. Moe's argument is misplaced. In the absence of statutory limitations, administrative agencies generally retain inherent authority to reconsider their decisions. *Stowe* v. *Bologna,* 32 Mass. App. Ct. 612, 615 (1992), *S.C.,* 415 Mass. 20 (1993), and cases cited. See *Vigoda* v. *Superintendent of Boston State Hosp.,* 336 Mass. 724 (1958) (mandamus petition regarding legality of public employer's refusal to reinstate employee rendered moot where employer effectuated reinstatement during pendency of appeal). Indeed, "agencies sometimes choose to reopen a proceeding in order to avoid judicial review," and courts permit them to do so. 2 C.H. Koch, Administrative Law and Practice § 5.71 [5] (2d ed. 1997 & 2004 Supp.). See *B.J. Alan Co.* v. *Interstate Commerce Comm'n,*

897 F.2d 561, 562 n.1 (D.C. Cir. 1990), citing *Commonwealth* v. *Interstate Commerce Comm'n*, 590 F.2d 1187, 1194 (D.C. Cir. 1978) (rejecting argument that pendency of appeal ousted agency of jurisdiction to reopen proceeding, and noting that "[a]dministrative reconsideration is a more expeditious and efficient means of achieving an adjustment of agency policy than is resort to the federal courts").

Our conclusion is also supported by the fact that Moe will suffer no prejudice from recognition of the board's action.[1] Indeed, he is benefited from the decision because, without bearing the risk of an adverse outcome on the merits of his claims in this appeal, he will have all that a successful outcome here could provide him. We conclude that the board acted within its authority when it reissued its decision in this case.

We also decline to reach the merits of Moe's contentions because the issues he seeks to raise are unlikely to recur in similar circumstances. A key factor that appears to have contributed to Moe's predicament was the manner in which he sought counsel to represent him in his appeal from the board's decision. Rather than seeking appointment of counsel by request to the Superior Court under G. L. c. 6, § 178M, a procedure that would have alerted the court that Moe intended to seek judicial review, Moe instead contacted the Committee for Public Counsel Services, which sought to locate counsel to represent him. See G. L. c. 211D, § 16. Difficulty in locating an attorney to represent Moe apparently contributed to the running of the thirty-day period prior to the filing of a complaint for judicial review in Moe's case. Because the first contact between the court and Moe, or his attorney, was not until after the thirty-day period had run, there was nothing on file with the court within the thirty-day period that might be construed as a complaint for judicial review, or a motion to enlarge the time for filing such a complaint on the ground that Moe was indigent and seeking appointment of counsel. See G. L. c. 30A, § 14 (1).

Since the date that the board originally issued its decision (August 8, 2003), the board has amended the language of the notification it provides to offenders of their right to seek judicial review of the board's classification determination to clarify that if an indigent offender wishes to have counsel appointed to represent him in such an appeal, he should, within the thirty-day period that starts to run on receipt of the decision, contact the civil clerk's office in the appropriate Superior Court, and ensure that a complaint for judicial review is timely filed. The revisions the board has made to the notice it provides to offenders regarding judicial review of its classification decisions pursuant to 803 Code Mass. Regs. § 1.26 (2000), make it unlikely that, in the future, indigent offenders will lose the opportunity to obtain judicial review due to confusion concerning the steps necessary to seek appointment of counsel, and to preserve

---

[1]The only difference between the board's original decision and its reissued decision is the date appearing at the conclusion of each, and the inclusion in the latter of a more detailed notice concerning the offender's exercise of his right to seek judicial review. See note 2, *infra*. Thus, there is no question raised concerning the board's right to revise, sua sponte, the substantive rationale for its decision while an appeal from its original decision is pending.

an opportunity for judicial review.[2] As such, not only does the specific dispute between Moe and the board no longer present a live controversy, but the issues raised by this appeal are unlikely to recur in substantially the same form as presented here in light of the board's notice revisions.

The issues raised on appeal are moot and the appeal is dismissed. Moe shall have thirty days from today within which to file a new complaint for judicial review of the board's reissued final classification decision.

*So ordered.*

*Catherine J. Hinton* for the plaintiff.

*Peter Sacks*, Assistant Attorney General (*Daniel A. Less*, Special Assistant Attorney General, with him) for the defendant.


---

[2]The board's revised notice, which it represents will be included in all future hearing examiner decisions, now includes the following: "SPECIAL NOTICES TO INDIGENT OFFENDER

"IF YOU WISH TO HAVE COUNSEL APPOINTED TO REPRESENT YOU IN AN ACTION FOR JUDICIAL REVIEW OF THIS DECISION, YOU MAY APPLY TO THE COURT YOURSELF FOR APPOINTED COUNSEL WHEN YOU FILE YOUR ACTION FOR JUDICIAL REVIEW. BE ADVISED, HOWEVER, THAT THE 30-DAY DEADLINE FOR COMMENCING AN ACTION FOR JUDICIAL REVIEW IS STRICTLY ENFORCED . . . .

"ANY QUESTIONS CONCERNING THE PROCESS FOR OBTAINING APPOINTMENT OF COUNSEL OR ANY OTHER QUESTIONS REGARDING JUDICIAL REVIEW SHOULD BE ADDRESSED DIRECTLY TO THE CIVIL CLERK'S OFFICE AT THE SUPERIOR COURT IN WHICH YOU FILE, OR INTEND TO FILE, YOUR ACTION FOR JUDICIAL REVIEW."

