## Brian Michael Olmstead vs. Department of Telecommunications and Cable & others.[1]

Suffolk. September 9, 2013. - December 4, 2013.

Present: Ireland, C.J., Cordy, Botsford, Gants, Duffly, & Lenk, JJ.

*Supreme Judicial Court,* Appeal from order of single justice. *Telecommunications. Public Utilities,* Telecommunications, Judicial review. *Administrative Law,* Judicial review, Agency's interpretation of statute. *Due Process of Law,* Appeal. *Statute,* Construction. *Practice, Civil,* Dismissal of appeal, Moot case.

A single justice of this court did not err in concluding that the plaintiff's appeal of a final order of the Department of Telecommunications and Cable (department) regarding a consumer telephone service complaint was governed by G. L. c. 25, § 5, as dictated by G. L. c. 166A, § 2, based on the plain meaning of the statutes, the historical statutory scheme, and the department's own statutory interpretation [585-592]; moreover, this court concluded that the plaintiff's complaint for judicial review was moot, where, although the department initially had failed to include in its final order clear notice to the plaintiff of his right to appeal pursuant to G. L. c. 25, § 5, it reissued its final order with notice of the proper procedure for appeal and the plaintiff filed a new petition for judicial review within the required time period [592-593].

Civil action commenced in the Supreme Judicial Court for the county of Suffolk on September 15, 2011.

A motion to dismiss was considered by *Spina,* J., and a motion for reconsideration was considered by him.

*Brian Michael Olmstead,* pro se.

*Suleyken D. Walker,* Assistant Attorney General, for Department of Telecommunications and Cable.

*Alexander W. Moore,* for Verizon New England, Inc., & another, was present but did not argue.

Cordy, J. In this case, we are asked to decide if the single justice erred, first, in concluding that G. L. c. 25, § 5, governs judicial review of a final order by the Department of Telecom-

[1]Verizon New England, Inc., and Verizon Communications, Inc.

munications and Cable[2] regarding a consumer telephone service complaint and, second, in dismissing the plaintiff's complaint because it failed to comply with the timely filing requirements of G. L. c. 25, § 5. We affirm the single justice's ruling that G. L. c. 25, § 5, applies to such appeals. However, because the plaintiff was afforded a renewed opportunity to pursue an appropriate and timely appeal under G. L. c. 25, § 5, and has chosen to do so, we dismiss this case as moot.

1. *Background.* a. *The plaintiff's initial claims.* This case arises from a consumer dispute regarding billing practices and quality of telephone, cable television, and Internet service provided by Verizon New England, Inc., to the plaintiff, a residential customer. In December, 2009, the plaintiff filed an appeal and a claim for an adjudicatory hearing with the department, alleging that Verizon New England had violated the department's rules and practices relating to telephone service to residential customers,[3] and had otherwise engaged in unfair and deceptive business practices. The matter was assigned to a hearing officer, and after a tortuous procedural history, the claim was dismissed as moot because, in the course of the proceedings, the plaintiff's customer relationship with Verizon New England had been terminated due to continuous nonpayment. The plaintiff appealed the hearing officer's decision to the commissioner of the department, pursuant to 220 Code Mass. Regs. § 1.06(6)(d)(3) (2008). On August 15, 2011, the commissioner affirmed the ruling, on the ground that no relief remained available to the plaintiff once he ceased being a Verizon New

[2]Except as otherwise indicated, we shall refer to the Department of Telecommunications and Cable as "the department."

[3]The rules and practices relating to telephone service to residential customers (rules) are template rules regarding billing practices and account termination promulgated by the department that Verizon New England has acknowledged are binding on its provision of telephone services. See Department of Telecommunications and Cable, General Filing Information (rev. May 2010); D.P.U. 18448 (1977; rev. July 11, 2000). These rules have not been revised since the 2007 reorganization of the regulation of telecommunications; therefore, references in the rules to the "Department of Public Utilities" likely refer to what became known as the Department of Telecommunications and Energy in 1997 and was replaced by the Department of Public Utilities and the Department of Telecommunications and Cable in 2007. See note 8, *infra,* and accompanying text.

England customer, and issued a final order denying the plaintiff's appeal.

b. *Appellate proceedings.* Following the commissioner's final order, the plaintiff filed a complaint for judicial review of final agency action and for other relief with a single justice of the county court, articulating as the basis for jurisdiction our certiorari statute, G. L. c. 249, § 4.[4] The department argued that the county court lacked jurisdiction and that the complaint should be dismissed because the plaintiff's appeal was governed by G. L. c. 25, § 5, and the plaintiff had failed to comply with its terms. The single justice concluded that the appeal was governed by G. L. c. 30A, § 14, and ordered the case transferred to Superior Court. However, on the department's motion for reconsideration, the single justice held that the appeal is properly governed by G. L. c. 25, § 5, and within the jurisdiction of the county court, and vacated the order of transfer to the Superior Court. The single justice then dismissed the plaintiff's complaint, concluding that his failure to file the appeal within twenty days of service of the department's final order, in violation of the requirements of G. L. c. 25, § 5, constituted a jurisdictional defect. The plaintiff appealed to the full court, pursuant to G. L. c. 231, § 114.

The department's regulations require that it provide notice that an appeal from a final order or decision is governed by G. L. c. 25, § 5. See 220 Code Mass. Regs. § 1.13 (2008). During oral argument before this court, it became clear that the department had not included such notice in the final order it issued to the plaintiff. The department reissued the August 15, 2011, final order, dating it September 18, 2013, and including the previously omitted notice of a right to appeal pursuant to G. L. c. 25, § 5.[5] Two days later, the department filed in this

---

[4]General Laws c. 249, § 4, states in pertinent part: "A civil action in the nature of certiorari to correct errors in proceedings which are not according to the course of the common law, which proceedings are not otherwise reviewable by motion or by appeal, may be brought in the supreme judicial or superior court . . . ."

[5]We recognize that it was within the department's authority to correct its error by reissuing the final order. "In the absence of statutory limitations, administrative agencies generally retain inherent authority to reconsider their decisions." *Moe* v. *Sex Offender Registry Bd.*, 444 Mass. 1009, 1009 (2005), citing *Stowe* v. *Bologna*, 32 Mass. App. Ct. 612, 615 (1992), *S.C.*, 415 Mass.

court a motion to stay appellate proceedings, on the ground that it had given the plaintiff a renewed opportunity to pursue an appeal pursuant to G. L. c. 25, § 5. We granted the motion to stay to enable the plaintiff to file a timely appeal of the September 18, 2013, order pursuant to G. L. c. 25, § 5, without waiving his arguments in this case, and subsequently denied the plaintiff's motion for reconsideration of the order staying the proceedings. We now lift the stay and proceed to decide the central procedural issue in the case.

2. *Discussion.* On appeal, the plaintiff argues that the single justice's decision to dismiss his complaint on the ground that he failed to comply with the timely filing requirements of G. L. c. 25, § 5, was error because his appeal is governed by G. L. c. 30A, § 14, and therefore requires a transfer to the Superior Court for proceedings on the merits, or alternatively, due process requires that he be afforded the opportunity to pursue a proper appeal pursuant to G. L. c. 25, § 5, because the department initially failed to notify him of his right to appeal under this statute. The department argues that the single justice did not err in concluding that G. L. c. 25, § 5, governs, and asks that we affirm the single justice's dismissal of the plaintiff's complaint. We agree with the department that G. L. c. 25, § 5, is the applicable judicial review provision, and conclude that the plaintiff's complaint here is rendered moot by his subsequent timely filing of a proper appeal.

a. *Applicable statute.* We first address whether G. L. c. 25, § 5, or G. L. c. 30A, § 14, applies. This question is significant because appeals pursuant to G. L. c. 25, § 5, are entered with the single justice of the Supreme Judicial Court,[6] whereas

20 (1993). In the future, every final order should be accompanied by proper notice of the right to appeal and the governing statute. This not only complies with the agency's own regulations but also ensures that consumers, many of whom may be unrepresented by counsel, have appropriate notice of the appeals process. See 220 Code Mass. Regs. § 1.13 (2008).

[6]General Laws c. 25, § 5, provides, in pertinent part:

> "An appeal as to matters of law from any final decision, order or ruling of the commission may be taken to the supreme judicial court [sitting in Suffolk county] by an aggrieved party in interest by the filing of a written petition praying that the order of the commission be modified or set aside in whole or in part."

General Laws c. 25, § 2, defines the commission as "the commonwealth utili-

appeals pursuant to G. L. c. 30A, § 14, are filed in Superior Court.[7]

We begin by analyzing the impact on the statutory scheme governing the department of a reorganization statute (act) enacted in 2007. See St. 2007, c. 19, §§ 21-50. The act divided the responsibilities of the former Department of Telecommunications and Energy into the reformed Department of Public Utilities and a new Department of Telecommunications and Cable.[8] See *id*. It accomplished this by revising the definition of "department" in numerous chapters, including chapters 160, 161, and 166, to refer to either the Department of Public Utilities or the Department of Telecommunications and Cable. See St. 2007, c. 19, §§ 32, 33, 43. Further, the act inserted chapter 25C to create the Department of Telecommunications and Cable and to task it with "the general supervision of telephone and telegraph companies subject to chapter 166 and community antenna television systems as defined in section 1 of chapter 166A." G. L. c. 25C, § 1, inserted by St. 2007, c. 19, § 29. The act also brought two divisions under the Department of Telecommunications and Cable: a new division of telecommunications, provided for in G. L. c. 25C, § 6,[9] and the existing division of community antenna television, provided for in G. L. c. 166A, § 2.[10] St. 2007, c. 19, §§ 29, 50. Therefore, the Department

ties commission," which supervises the Department of Public Utilities. General Laws c. 25, § 5, has employed the same language regarding judicial review since 1953. See G. L. c. 25, § 5, inserted by St. 1953, c. 575, § 1.

[7]General Laws c. 30A, § 14, provides a default judicial review provision: "Where no statutory form of judicial review or appeal is provided, judicial review shall be obtained by means of a civil action . . . . (1) Proceedings for judicial review of an agency decision shall be instituted in the superior court . . . ."

[8]Prior to 1997, the Department of Telecommunications and Energy was called the Department of Public Utilities. See *Providence & Worcester R.R.* v. *Energy Facilities Siting Bd.*, 453 Mass. 135, 136 n.3 (2009), citing St. 1997, c. 164, § 201, amending G. L. c. 164, § 69G.

[9]General Laws c. 25C, § 6, provides: "The division [of telecommunications] . . . shall perform functions that the commissioner [of the Department of Telecommunications and Cable] may determine in relation to the administration, implementation, and enforcement of the department's authority over the telecommunications industry, including, but not limited to, the authority granted by chapters 25, 30A, 159 and 166."

[10]A dedicated community antenna television unit has existed in some form since 1971. When the Legislature inserted G. L. c. 166A in 1971, with the

of Public Utilities and the Department of Telecommunications and Cable, including its two divisions, now fulfil the responsibilities previously held by the Department of Telecommunications and Energy.

General Laws c. 25C, the enabling statute for the Department of Telecommunications and Cable, does not contain a provision for judicial review of final department orders. As a result, we turn to the other chapters in the statutory scheme. The department argues that G. L. c. 166A, § 2, expressly states that appeals from all department orders are governed by G. L. c. 25, § 5. The plaintiff contends that G. L. c. 166 (relating to the regulation of telephone companies) does not contain a similar provision and, further, that because the department's enabling statute (G. L. c. 25C) does not contain a provision for judicial review, the Administrative Procedures Act, G. L. c. 30A, § 14, applies as the default. In support of his argument, he argues, in essence, that G. L. c. 25C should be read to mean that the provisions of G. L. c. 166A apply only to community antenna television systems. Were we to follow his line of reasoning, appeals from final orders relating to telephone and telegraph services would be governed by G. L. c. 30A, § 14, as G. L. c. 166 contains no judicial review provision, whereas appeals from final orders relating to cable services would be governed by G. L. c. 25, § 5, as dictated by G. L. c. 166A, § 2.

We are not persuaded, however, that in drafting G. L. c. 25C, § 1, the Legislature intended such parsing of appellate routes

purpose of providing for the regulation of television, it established a community antenna television commission within the Executive Office of Consumer Affairs. See G. L. c. 166A, § 2, inserted by St. 1971, c. 1103, § 1. This commission was authorized "to call on the staff of the department of public utilities or any other state or federal agency for administrative and investigatory services and technical advice." *Id.* In 1979, the Legislature removed the authorization for the commission to work with other agencies. See G. L. c. 166A, § 2, as amended by St. 1979, c. 670, § 2. In 1997, the commission became a division of community antenna television in the Department of Public Utilities. See G. L. c. 166A, § 2, as amended by St. 1997, c. 43, § 111. Later that year, a subsequent amendment placed the division under the Department of Telecommunications and Energy, presumably as part of the renaming of the Department of Public Utilities. See G. L. c. 166A, § 2, as amended by St. 1997, c. 164, § 273. The 2007 amendment placed the division under the purview of the new Department of Telecommunications and Cable. See G. L. c. 166A, § 2, as amended by St. 2007, c. 19, § 50.

based on the type of service. Rather, the plain meaning of the revised statutes, the historical statutory scheme, and the department's own interpretation of the statutes suggest that appeals from all final department orders are governed by G. L. c. 25, § 5, at the direction of G. L. c. 166A, § 2.

i. *Plain meaning.* "A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result." *Sullivan* v. *Brookline*, 435 Mass. 353, 360 (2001). Thus, we give effect to a statute's "plain and ordinary meaning" where the statute's words are clear. *Massachusetts Broken Stone Co.* v. *Weston*, 430 Mass. 637, 640 (2000).

The 2007 Act altered the definition of "department" in G. L. c. 166A, § 1, from "department of telecommunications and energy established pursuant to chapter 25" to "department of telecommunications and cable established by chapter 25C." G. L. c. 166A, § 1, as amended by St. 2007, c. 19, § 49. By redefining "department" in this way for the purposes of G. L. c. 166A, the Legislature created a clear link between the new G. L. c. 25C and the existing G. L. c. 166A.

Since 1997, G. L. c. 166A, § 2, has employed the term "department" in defining a process for judicial review. See G. L. c. 166A, § 2, as amended by St. 1997, c. 164, § 273. The section currently provides: "Except as otherwise provided in this chapter, appeals taken from the orders of the *department* shall be taken in the same manner and according to the same procedure for the department of public utilities established in section 5 of chapter 25" (emphasis added). G. L. c. 166A, § 2.[11]

It is only logical to employ the definition of "department"

---

[11]The language introduced by the Legislature in 1997 stated in pertinent part: "Except as otherwise provided in this chapter, appeals taken from orders of the department shall be governed by section 5 of chapter 25." G. L. c. 166A, § 2, as amended by St. 1997, c. 164, § 273. This wording was preserved in a 2002 amendment to the section. See G. L. c. 166A, § 2, as amended by St. 2002, c. 45, § 4. The 2007 Act retained this directive, but modified the last phrase to indicate explicitly that the Department of Telecommunications and Cable (as defined in G. L. c. 166A, § 1, by the 2007 Act) and the Department of Public Utilities should share a judicial review process. See G. L. c. 166A, § 2, as amended by St. 2007, c. 19, § 50. The modified language provided that appeals "shall be taken in the same manner and according to the same

provided in G. L. c. 166A, § 1, to the term where it is used elsewhere in the chapter. See *Boothroyd* v. *Zoning Bd. of Appeals of Amherst*, 449 Mass. 333, 339 (2007) ("We construe the provisions of the Act in connection with the purpose of its enactment and as a harmonious whole"); *Opinion of the Justices*, 313 Mass. 779, 782 (1943), quoting G. L. (Ter. Ed.) c. 4, § 6, Third ("technical words and phrases . . . as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning").

Accordingly, the word "department" in the judicial review provision of G. L. c. 166A, § 2, must refer to the entire Department of Telecommunications and Cable. Although the placement of this judicial review provision may be confusing, its meaning is nonetheless clear:[12] the provisions of G. L. c. 166A, § 2, pertaining to judicial review extend to all final department orders.

This interpretation is further supported by what the Legislature did *not* change in its recent amendments to G. L. c. 166A, §§ 1 and 2. We find it significant that the Legislature modified G. L. c. 166A, § 2, in 2007 and again in 2008 without replacing the word "department" with a more narrow term. See St. 2007, c. 19, § 50 (replacing first paragraph of G. L. c. 166A, § 2, but preserving word "department"); St. 2008, c. 522, § 22 (same). See also St. 2008, c. 522, § 21 (removing definition of "commission" from G. L. c. 166A, § 1, but preserving 2007 defini-

procedure as set forth with respect to the department of public utilities in section 5 of chapter 25." See *id.* A 2008 amendment further modified this language by removing "as set forth with respect to" so that the end of the sentence now states: "according to the same procedure for the department of public utilities established in section 5 of chapter 25." See G. L. c. 166A, § 2, as amended by St. 2008, c. 522, § 22.

[12]We recognize that the titles of the provisions at issue lend some confusion to this analysis. General Laws c. 166A is titled "community antenna television systems"; G. L. c. 166A, § 2, is titled "division of community antenna television"; and even G. L. c. 25C, § 1, makes reference to G. L. c. 166A in the context of community antenna television systems. Although we have recognized that the title of an act or statutory provision may be helpful in clarifying ambiguity, see *Baldiga* v. *Board of Appeals of Uxbridge*, 395 Mass. 829, 835 (1985), or identifying the act's "proper limitations," *Commonwealth* v. *Graham*, 388 Mass. 115, 120 (1983), the title may not replace or limit otherwise clear language in the act itself. *American Family Life Assur. Co.* v. *Commissioner of Ins.*, 388 Mass. 468, 474, cert. denied, 464 U.S. 850 (1983), and cases cited ("the title of an act cannot control the plain provisions of the act").

tions of "division" and "department"). Had the Legislature meant to limit the reach of this provision, it could have employed the word "division" or another more restrictive term.

ii. *Historical statutory scheme.* Our interpretation is consistent with the previous versions of the statute. See *Commonwealth* v. *Welosky,* 276 Mass. 398, 401 (1931), cert. denied, 284 U.S. 684 (1932) ("Statutes are to be interpreted . . . in connection with their development . . ."). Prior to the 2007 revisions, G. L. c. 25 applied to the Department of Telecommunications and Energy as a whole. See St. 2007, c. 19, § 21 (changing "telecommunications and energy" in c. 25, § 1, to "public utilities"). General Laws c. 25, § 5, which sets forth a detailed procedure for appealing a final department decision or order, remained unchanged by the 2007 revisions. Thus, prior to 2007, all appeals from the former Department of Telecommunications and Energy were governed by G. L. c. 25, § 5.[13] Although the 2007 revisions divided the responsibilities of the Department of Telecommunications and Energy into two departments, the indication in G. L. c. 166A, § 2, that appeals should "be taken in the same manner . . . as set forth with respect to the department of public utilities" suggests a legislative intent to retain some uniformity across the two new departments. See *Hallett* v. *Contributory Retirement Appeal Bd.,* 431 Mass. 66, 69 (2000). Parsing appeals by division within the Department of Telecommunications and Cable would frustrate such an intent.

We therefore discern no clear indication in the 2007 or 2008 revisions that the Legislature intended to exclude only those

---

[13]An exception to this overarching application of G. L. c. 25, § 5, was to appeals from orders regarding cable rates. Prior to 2008, such appeals were required to be filed in the Superior Court for Suffolk County. G. L. c. 166A, § 15, inserted by St. 1971, c. 1103, § 1 ("Any person or company aggrieved by any action, order, finding or decision of the commission under this section may, within ninety days from the filing of such memorandum thereof with the commission, file a petition in the superior court for the county of Suffolk for a review of such action, order, finding or decision"). In 2008, however, the Legislature amended the statute to remove this exception. G. L. c. 166A, § 15, as amended by St. 2008, c. 522, §§ 33, 34 (removing fourth paragraph of § 15 and replacing "division" with "department"). As a result, appeals from final cable rate orders are now governed by G. L. c. 25, § 5. See *Springfield* v. *Department of Telecomm. & Cable,* 457 Mass. 562, 563 n.3 (2010). See also G. L. c. 166A, § 15 (providing Superior Court only with equity jurisdiction to enforce department's orders).

appeals relating to telecommunications from the appeals procedures employed by the former Department of Telecommunications and Energy. Cf. *Springfield* v. *Department of Telecomm. & Cable*, 457 Mass. 562, 563 & n.3 (2010) (recognizing that G. L. c. 166A, § 2, governs "appeals seeking judicial review of decisions of the Department of Telecommunications and Cable" in context of appeal by cable television service provider from cable rate decision).

iii. *The department's interpretation.* In addition, the department's regulations are consistent with this reading of the statutory scheme. See 220 Code Mass. Regs. § 1.13 ("Department shall notify all parties of their right to appeal a final decision of the Department pursuant to [G. L.] c. 25, § 5, and of the time limits on their rights to appeal").[14] Thus, the department has properly given effect to the Legislature's expressed intent. See *Chevron, U.S.A., Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U.S. 837, 842-843 & n.9 (1984) (*Chevron*). Even if the intent of the Legislature were not so clear, we give deference to a reasonable interpretation by the agency implementing the statute, and would find the agency's reading of the statutory scheme to be reasonable here. See *id.* at 843-844 & n.11; *Souza* v. *Registrar of Motor Vehicles*, 462 Mass. 227, 228-229 (2012); *Goldberg* v. *Board of Health of Granby*, 444 Mass. 627, 633-634 (2005). Cf. *Briggs* v. *Commonwealth*, 429 Mass. 241, 252-253 (1999), citing *Chevron, supra* at 842 (deferring to reasonable interpretation by agency interpreting ambiguous statutory scheme).

Accordingly, we conclude that the single justice did not err in concluding that G. L. c. 25, § 5, governs appeals of final orders

[14]The plaintiff asserts that the department has failed to provide notice to any consumers regarding the right to appeal pursuant to G. L. c. 25, § 5, since the 2007 amendment. In support of this claim, he offers numerous examples of final orders and decisions from the department. Some of these contain a general notice of the right to appeal that states: "Appeals of any final decision, order or ruling of the Department of Telecommunications and Cable may be brought pursuant to applicable state and federal laws." At least one, however, contains the specific language of and reference to G. L. c. 25, § 5. We agree with the plaintiff that it is imperative that the department provide explicit and accurate notice of the right to appeal and the governing provisions; however, we do not agree that these inconsistencies demonstrate that the department has never provided appropriate notice to consumers in the plaintiff's situation.

issued by the Department of Telecommunications and Cable to consumers.[15]

b. *The single justice's dismissal of complaint.* We next address whether the plaintiff is entitled to reinstatement of his complaint and relief on the merits. When this case initially came before us, the department had failed to include in its final order clear notice to the plaintiff of his right to appeal pursuant to G. L. c. 25, § 5. Such notice is required by the department's regulations. See 220 Code Mass. Regs. § 1.13. However, by reissuing its final order with notice of the proper procedure for appeal, the department provided the plaintiff with precisely the relief he sought before the full court: an opportunity to pursue his appeal.

In response, the plaintiff has filed a new petition for judicial review within the time period required by G. L. c. 25, § 5.[16] As a result, there is no longer a controversy before us. See *Caputo v. Board of Appeals of Somerville*, 330 Mass. 107, 111 (1953), quoting *Tennessee v. Condon*, 189 U.S. 64, 71 (1903). See also *Lockhart v. Attorney Gen.*, 390 Mass. 780, 782-783 (1984). His complaint here is properly dismissed as moot, and he now may proceed with his new petition through the proper channels. Cf. *Moe v. Sex Offender Registry Bd.*, 444 Mass. 1009, 1009-1010 (2005) (appeal from dismissal of untimely request for judicial

---

[15]We are aware that this reading of the statutory scheme may result in an influx of consumer complaints appealed from the department to the single justice, and then appealable to the full court. We urge the Legislature to assess whether this was its true intention with respect to residential consumer complaints. Cf. *Commonwealth v. Florence F.*, 429 Mass. 523, 523, 527 (1999) (encouraging Legislature to revisit statute that limited Juvenile Court's enforcement powers by prohibiting court from charging minor with criminal contempt). We note also that G. L. c. 211, § 4A, permits this court to "transfer for partial or final disposition in any appropriate lower court any cause or matter which might otherwise be disposed of by a single justice." We read this provision to mean that a single justice may, in his or her discretion, transfer a complaint filed pursuant to G. L. c. 25, § 5, for resolution by the lower courts. See *Callahan v. Board of Bar Overseers*, 417 Mass. 516, 519-520 (1994); *Empire Apartments, Inc. v. Gray*, 353 Mass. 333, 334-335 (1967).

[16]Under G. L. c. 25, § 5, an aggrieved party must file a petition for appeal within twenty days of the date of service of the final decision, order, or ruling. Within ten days after so filing, the appealing party must "enter the appeal in the supreme judicial court sitting in Suffolk county." *Id.* The plaintiff filed his petition for appeal with the department on October 22, 2013, and entered his appeal with the single justice on October 29, 2013.

review was dismissed as moot because plaintiff was offered new opportunity to file timely and proper appeal); *Matter of Sturtz*, 410 Mass. 58, 58-59 (1991) (appeal of guardianship appointment was dismissed as moot because guardianship had been discharged by lower court after appeal was filed).

3. *Conclusion.* We affirm the ruling of the single justice that G. L. c. 25, § 5, governs appeals from final orders issued by the Department of Telecommunications and Cable. Because the plaintiff has filed a new appeal pursuant to G. L. c. 25, § 5, which the department concedes is timely following the reissuance of its final order, the remainder of the matter before us has become moot. The case is remanded to the county court for an entry of judgment dismissing the complaint as moot. The plaintiff is free to proceed with his new petition.

*So ordered.*