NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-565

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 322724

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming his final classification by the Sex Offender Registry Board (board) as a level three sex offender.  He argues that the hearing examiner's decision was not supported by substantial evidence, and the examiner failed to properly apply the regulatory factors.  Doe also contends that the alteration of the hearing examiner's decision after receipt of his principal appellate brief, without a hearing, and in violation of a stipulation between counsel while this case was pending, constituted egregious governmental misconduct.  We vacate the judgment.

1.  Background.  In 2011, Doe pleaded guilty to charges of aggravated rape and armed assault with intent to murder, stemming from the violent rape of a homeless woman who was

asleep in a parking lot.[1]  Doe was sentenced to twelve to fifteen

years in prison, and ten years of post-release supervision.  In

addition, in July 2006, Doe's eight year old daughter told her

doctor that Doe had "stuck his wet finger" in her.  Doe was

charged with offenses related to these allegations, all of which

were dismissed within approximately one year.[2]

Board proceedings.  On October 7, 2019, the board notified

Doe of its intention to classify him as a level three high-risk

sex offender.  Doe requested a hearing, and on July 1, 2020, an

evidentiary hearing was conducted before a hearing examiner.  On

August 31, 2020, the hearing examiner issued a decision

classifying Doe as a level three high-risk sex offender and

ordering him to register as a sex offender.  In her decision,

_____

[1] Doe was also charged with assault and battery by means of a
dangerous weapon causing serious bodily injury, but that charge
was dismissed.

[2] The hearing examiner did not consider this charge as
"additional sexual misconduct" for the purpose of her decision.

2

the hearing examiner, as she must, evaluated risk-elevating[3] and risk-mitigating factors.[4]  She concluded,

> "As discussed below, based on the facts of this case, including but not limited to the governing sex offenses and the applicable risk factors addressed in this decision, I find by clear and convincing evidence that:  1) [Doe]'s risk to re-offend is high, 2) his degree of danger is high and 3) that a substantial public safety interest is served by active dissemination and Internet publication of his registry information."

The hearing examiner then analyzed each prong of the classification decision and found, inconsistent with her conclusion above, that Doe's risk of reoffense and degree of dangerousness were "moderate."  Specifically, she stated as to Doe's risk of reoffense, "As a result of the several applicable risk factors in this case, I find by clear and convincing evidence that [Doe]'s risk to re-offend is moderate."  As to Doe's dangerousness, she stated, "Based on the applicable risk

---

[3] The hearing examiner considered the following risk-elevating factors:  factor 7 (victim was a stranger), factor 8 (use of force during the sexual offense), factor 9 (alcohol and substance abuse), factor 16 (public place), factor 18 (extra vulnerable victim), factor 19 (high level of physical contact), factor 10 (contact with the criminal justice system), factor 11 (violence unrelated to sexual assault), factor 12 (behavior while incarcerated), factor 13 (non-compliance with supervision), and factor 15 (hostility towards women).  See 803 Code Mass. Regs. § 1.33 (2016).

[4] The hearing examiner considered the following risk-mitigating factors:  factor 28 (supervision by probation), factor 30 (advanced age), factor 32 (sex offender treatment), and factor 34 (materials regarding stability in the community).  See 803 Code Mass. Regs. § 1.33.

3

elevating factors, I further find by clear and convincing evidence that the degree of dangerousness [Doe] poses is moderate."

Doe then filed a complaint in the Superior Court seeking judicial review of the board's decision.  The judge denied Doe's motion for judgment on the pleadings, and entered a judgment that affirmed the decision of the board.  This appeal followed.

After reviewing Doe's principal appellate brief, which was filed on August 30, 2022, the board's attorney contacted Doe's attorney on November 30, 2022, by e-mail, and stated that there were "some major flaws in the decision," and the board would "vacate the classification . . . and send it back . . . for a new decision."  Counsel drafted a joint stipulation of dismissal and e-filed it with this court on December 5, 2022.  The stipulation stated,

> "After the [b]oard conducted an internal review of the [h]earing [e]xaminer's classification decision in this matter, it became evident that the [h]earing [e]xaminer's decision contained errors that may have negatively impacted the final classification decision.  As such, the parties agree that the best recourse is to dismiss this action and remand the matter to the [b]oard for further proceedings."

The following day, without notice to Doe or his attorney, and without conducting a new hearing, the hearing examiner issued a revised decision.  The stipulation of dismissal, although filed, had not yet been acted upon when the revised decision issued.

4

On December 12, 2022, Doe filed a motion to reinstate appeal and withdraw dismissal.  In the accompanying affidavit, Doe's attorney stated that he "understood that a new hearing was implied with a 'new decision', and that the 'further proceedings' to be conducted would be much more extensive than the hearing examiner loading her existing decision in Microsoft Word, making a few changes and issuing a 'new decision.'"  The board's attorney "agre[ed] with [Doe's] position on how he expected the [b]oard to proceed" but was unable to "persuade his superiors to alter the [b]oard's action."  Because this court had not yet acted on the stipulation of dismissal, Doe's motion was denied as premature.

On December 21, 2022, the board filed a motion to dismiss the appeal, arguing that the amended decision rendered the original appeal moot, which a single justice of this court denied.

2.  Discussion.  Because we agree with Doe that the judgment must be vacated due to the board's action following the entry of this appeal and the filing of his principal appellate brief, we need not and do not address the merits of the underlying classification decision.

Doe's brief highlighted the deficiencies and inconsistencies in the board's decision. In its amended decision, the hearing examiner changed "moderate" to "high" in

assessing Doe's risk of reoffense and dangerousness.  She also added new sentences supporting her risk analysis and added two new paragraphs addressing supplemental material submitted by Doe that was not included in the original decision.

The board contends that these "discrete errors" did not "substantively change the [h]earing [e]xaminer's individual analysis of each applicable risk factor or the overall analysis of [Doe's] risk to reoffend or degree of dangerousness."  We disagree, particularly where the difference between "moderate risk" and "high risk" to reoffend represents the difference between a level two and a level three sex offender classification.  See 803 Code Mass. Regs. § 1.03 (2016).

The board correctly notes that "[a]n administrative agency, in the absence of statutory limitations, generally has the inherent authority to reconsider a decision or reopen a proceeding to prevent or mitigate a miscarriage of justice." Soe, Sex Offender Registry Bd. No. 252997 v. Sex Offender Registry Bd., 466 Mass. 381, 395 (2013).  In fact, the board's regulations provide a process by which the board may review its own decisions.  See 803 Code Mass. Regs. § 1.21(2) (2016). Importantly, 803 Code Mass. Regs. § 1.21(3)(a) (2016) provides that, if a case is reopened by the board, "[t]he offender or his or her authorized representative may file a response to the [board's] written request for review . . . addressing any of the

6

matters contained in the request."  Here, the board issued an amended decision with no notice to Doe or his attorney, just twenty-four hours after the parties filed a joint stipulation of dismissal with this court, giving Doe no opportunity to respond or present additional evidence and arguments.  Therefore, while the board had the authority to revisit the classification decision, the issuance of a revised decision, after review of Doe's principal appellate brief, with no notice to Doe and no opportunity for him to respond violated the board's own regulations and therefore cannot stand.  See Cobble v. Commissioner of the Dep't of Social Servs., 430 Mass. 385, 395 (1999) (when "agency has failed to adhere to its own statutory mandate and regulatory framework . . . . [appellate courts] are required . . . to correct the agency's judgment by means of our own").

Relying on Moe v. Sex Offender Registry Bd., 444 Mass. 1009 (2005), the board contends that because it had the inherent authority to issue the amended decision subject only to review for abuse of discretion, and because the amended decision addressed the inconsistent language and analysis raised in Doe's appeal, this case is moot.  Again, we disagree.  In Moe, the appeal had become moot because Moe had received the relief that he was seeking.  See id. at 1010.  By contrast here, the board unilaterally and substantively amended its decision, but did not

7

give Doe the relief that he sought in his appeal.  Accordingly, it is not moot.

Furthermore, the board's issuance of a revised decision violated the parties' joint stipulation to dismiss the case and remand the matter for a new hearing.  The affidavit of Doe's attorney submitted in support of his motion to reinstate the appeal averred that he "would never have agreed to a dismissal, instead [he] would have proceeded with the appeal" had he known the board intended to reissue a decision without any additional process.  While board proceedings are civil in nature, "the private interests at stake in sex offender registration and classification are significant."  Noe, Sex Offender Registry Bd. No. 5340 v. Sex Offender Registry Bd., 480 Mass. 195, 202 (2018).  The board has an obligation to act fairly towards plaintiffs whose fundamental rights are implicated by their decisions.  Cf. Commonwealth v. Mr. M., 409 Mass. 538, 543 (1991) (where state police promised sentencing recommendation in exchange for information, "even if . . . there was no enforceable obligation to make . . . [the] recommendation, the question of fairness in the Commonwealth's treatment of the defendant is involved").

Here, Doe's appeal highlighted that the hearing examiner's decision contained inconsistent findings and failed to consider evidence submitted by Doe.  In agreeing to dismiss his appeal,

8

which would have allowed Doe to address the merits of that appeal, Doe relied on promises by the board that he would, at minimum, be entitled to some "further proceedings" before the issuance of a new decision.[5]  This did not happen.  Moreover, the timing of the board's revised decision effectively deprived Doe of the opportunity to address his substantive arguments on appeal.  Finally, the record on appeal is fixed upon assembly and transmission from the lower court to this court.  See Birchall, petitioner, 454 Mass. 837, 847 (2009); Mass. R. A. P. 8, as appearing in 481 Mass. 1611 (2019); Mass. R. A. P. 9, as appearing in 481 Mass. 1615 (2019).  Accordingly, the revised decision, received after the record was assembled, is not before us, and thus we do not comment on it further.

In short, the judgment is vacated.  A new judgment shall enter vacating the decision of the board and remanding the

---

[5] Doe also contends that the issuance of the amended decision changed the date of eligibility for a reclassification hearing to December 2025, rather than December 2023.  See 803 Code Mass. Regs. § 1.31(2)(a) (2016).  The board at oral argument stated that under the particular circumstances of this case, it would not deny a request from Doe for a timely reclassification hearing, and we expect the board to hold to that representation.

matter to the board for a new hearing before a different hearing examiner, consistent with this memorandum and order.[6]

        <u>So ordered</u>.

        By the Court (Meade, Blake & Desmond, JJ.[7]),

        Assistant Clerk

Entered:  March 15, 2024.

---

[6] Doe asks us to order the board to classify him as a level two sex offender as a consequence of the actions taken by the board in issuing the revised decision.  He cites no authority for that requested relief, and in any event, we decline his invitation to do so.

[7] The panelists are listed in order of seniority.

10