SUPREME JUDICIAL COURT 
 
 COMMONWEALTH vs. AMBROSE A., a juvenile

 
 Docket:
 SJC-13614
 
 
 Dates:
 October 7, 2024 - December 20, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Bristol
 

 
 Keywords:
 Expungement. Delinquent Child. Juvenile Court, Delinquent child, Jurisdiction. Practice, Criminal, Juvenile delinquency proceeding, Record. Criminal Records. Statute, Construction. Words, "Crime."
 
 

      Complaint received and sworn to in the Bristol County Division of the Juvenile Court Department on October 30, 2013.
     A petition for expungement, filed on September 12, 2023, was heard by John S. Spinale, J.
     The Supreme Judicial Court granted an application for direct appellate review.
     Eva G. Jellison (Cornelius J. Madera, III, also present) for the juvenile.
     Mary Lee, Assistant District Attorney, for the Commonwealth.
     Afton M. Templin, Committee for Public Counsel Services, Paul M. Kominers, Kristen R. Gagalis, Tamara S. Wolfson, Leon Smith, Pauline Quirion, Virginia Benzan, David M. Siegel, Susan Malouin, & Margaret B. Drew, for Greater Boston Legal Services & others, amici curiae, submitted a brief.
     WOLOHOJIAN, J.  In 2013, after the then eleven year old juvenile was alleged to have bitten his four year old cousin's penis, he was charged in a delinquency complaint with rape of a child by force, G. L. c. 265, § 22A, and assault and battery on a child with substantial injury, G. L. c. 265, § 13J (b).  The rape charge was dismissed at the request of the Commonwealth, and the juvenile was placed on one year of pretrial probation for the second charge, which was reduced to simple assault and battery, G. L. c. 265, § 13A.  The juvenile completed his probation without incident; his probation was then terminated, and the assault and battery charge was dismissed.  The juvenile, now twenty-two years old, has no other record of any sort.
     In 2018, as part of a comprehensive criminal justice reform package, see G. L. c. 119, § 52, as amended through St. 2018, c. 69, § 72, the Legislature excluded children under the age of twelve from the jurisdiction of the Juvenile Court.  In 2023, the juvenile petitioned to expunge his record, pursuant to G. L. c. 276, § 100K (a) (2), on the ground that assault and battery and rape of a child by force are no longer "crimes" within the meaning of § 100K (a) (2) because an eleven year old can no longer be prosecuted for such acts.  A judge of the Juvenile Court denied the expungement petition.  We conclude that the 2018 change to the Juvenile Court's jurisdiction does not affect what constitutes a "crime" for purposes of § 100K (a) (2), and affirm the Juvenile Court judge's order denying the juvenile's expungement petition.[1]
     Discussion.  In 2018, the Legislature enacted a broad package of criminal justice reforms entitled "An Act relative to criminal justice reform" (2018 Act or act).  See St. 2018, c. 69.  Among other things, the act reduced the jurisdiction of the Juvenile Court by limiting the definition of "[d]elinquent child" to children between twelve and eighteen years of age in lieu of its previous definition, which extended from ages seven to eighteen.  See St. 2018, c. 69, § 72.  The act also expanded the authority of the courts to expunge adult and juvenile criminal records in certain circumstances.  See Matter of Expungement, 489 Mass. 67, 78 (2022).  More specifically, the act created two pathways for expungement.  See Commonwealth v. K.W., 490 Mass. 619, 621 (2022).  The first is commonly referred to as "time-based expungement," because it is available to persons who were under the age of twenty-one at the time of the offenses the records for which they seek to expunge.  See G. L. c. 276, § 100I; K.W., 490 Mass. at 628.  Time-based expungement is available only to those who were charged with committing "lower level" offenses when they were under the age of twenty-one.  Matter of Expungement, 489 Mass. at 69.  A person seeking time-based expungement must satisfy criteria set forth in G. L. c. 276, §§ 100I and 100J, which include a requirement that the relevant records did not result from certain serious types of offenses.  Id.  For example, records resulting from certain sex offenses (such as rape of a child by force, as is at issue in this case) and felony offenses in violation of G. L. c. 265 are ineligible for time-based expungement.[2]  See G. L. c. 276, § 100J (a) (1), (6), (7), (8), (10), (18).
     The second pathway -- which is what the juvenile pursued in this case -- is known as "reason-based expungement."  See G. L. c. 276, § 100K; K.W., 490 Mass. at 621-622.  Reason-based expungement allows both adults and juveniles to petition for the expungement of their records if one of six specific conditions is met by clear and convincing evidence:
"[A] court may order the expungement of a record created as a result of criminal court appearance, juvenile court appearance or dispositions if the court determines based on clear and convincing evidence that the record was created as a result of:
"(1) false identification of the petitioner or the unauthorized use or theft of the petitioner's identity;
"(2) an offense at the time of the creation of the record which at the time of expungement is no longer a crime, except in cases where the elements of the original criminal offense continue to be a crime under a different designation;
"(3) demonstrable errors by law enforcement;
"(4) demonstrable errors by civilian or expert witnesses;
"(5) demonstrable errors by court employees; or 
"(6) demonstrable fraud perpetrated upon the court."
G. L. c. 276, § 100K (a).  Section 100K (a) "set[s] a very high bar:  the record at issue must pertain to a now-decriminalized offense or have been the product of 'fraud' or 'demonstrable error.'"  K.W., 490 Mass. at 625.  Even if one of the six specific reasons is established by the requisite quantum of proof, expungement is not automatic.  Instead, the judge must also determine whether expungement "is in the best interests of justice."  G. L. c. 276, § 100K (b).  See K.W., 490 Mass. at 625.  If expungement is ordered, the judge is to make written findings of fact.  G. L. c. 276, § 100K (b).
     As we have already noted, the juvenile petitioned for reason-based expungement under § 100K (a) (2), arguing that the 2013 charges against him (rape of a child by force and assault and battery) are no longer "crimes" within the meaning of that provision because an eleven year old can no longer be prosecuted for them.  Of course, rape of a child and assault and battery remain criminalized conduct.  See G. L. c. 265, § 13A (b) (assault and battery); G. L. c. 265, § 22A (rape of child).  Therefore, in essence, the juvenile's argument is that when the Legislature used the word "crime" in § 100K (a) (2), it meant something other than conduct that remains a criminal offense.
     We review this question of statutory interpretation de novo.  See K.W., 490 Mass. at 624.
"[A] statute must be interpreted according to the intent of the Legislature ascertained from all its words construed by the ordinary and approved usage of the language, considered in connection with the cause of its enactment, the mischief or imperfection to be remedied and the main object to be accomplished, to the end that the purpose of its framers may be effectuated."  
Matter of Expungement, 489 Mass. at 74, quoting Harvard Crimson, Inc. v. President & Fellows of Harvard College, 445 Mass. 745, 749 (2006).  "Where the words [of a statute] are 'plain and unambiguous' in their meaning, we view them as 'conclusive as to legislative intent.'"  K.W., 490 Mass. at 624.
     Although the term "crime" is not defined in the expungement statute, it is clear from its ordinary meaning and from its usage within § 100K (a) (2) that whether an offense continues to be a crime turns on whether the alleged conduct continues to "constitute[] a criminal act."  K.W., 490 Mass. at 628.  An offense "is no longer a crime" for purposes of § 100K (a) (2) if the conduct "is no longer criminal" in the sense that it "no longer represents criminal behavior."  K.W., 490 Mass. at 630-631.  That is clearly not the situation we face here.  Both rape of a child by force and assault and battery remain criminal acts regardless of the age of the person who commits them.  See G. L. c. 265, § 13A (assault and battery); G. L. c. 265, § 22A (rape of child by force).
     It is true that, as a result of the Legislature's decision to reduce the jurisdiction of the Juvenile Court in 2018, children under the age of twelve can no longer be prosecuted for these criminal acts if they commit them today.  But we see nothing in the plain language of § 100K (a) (2) to indicate that the meaning of the word "crime" or of the phrase "is no longer a crime" depends on the age parameters of the definition of a "delinquent child" for purposes of the Juvenile Court's jurisdiction.  Instead, the relevant inquiry is whether the conduct itself has been decriminalized -- in other words, whether "even if [a person] were again to engage in the same conduct as that which created the record, the [person] would not have committed a criminal act."  K.W., 490 Mass. at 629.  As can be seen from the Legislature's carve-out for "cases where the elements of the original criminal offense continue to be a crime under a different designation," the focus of § 100K (a) (2) is on whether the conduct continues to satisfy the elements of a criminal statute -- not on other considerations, such as a change in nomenclature or, as in this case, on the subject matter jurisdiction of the court in which the charges are brought.[3]  G. L. c. 276, § 100K (a) (2).  In addition, reason-based expungement under § 100K (a) (2) is available in the same circumstances and conditions for both adults and juveniles, which undercuts the idea that the question whether an offense continues to be a crime turns on the jurisdiction of the Juvenile Court.
     Our reading of § 100K (a) (2) is in harmony with the over-all expungement scheme.  As we noted above, there are two distinct pathways to expungement:  time-based and reason-based.  The two pathways are designed to cover different situations:  time-based expungement provides relief for those who committed low-level offenses when they were under the age of twenty-one; it does not allow records of more serious crimes, including rape of a child, to be expunged simply because they were committed by persons under twenty-one.  By contrast, reason-based expungement provides relief for persons of any age whose criminal records were the product of demonstrable error or fraud or were based on conduct that has been decriminalized.  A person's age at the time of offense is not one of the six enumerated reasons for which reason-based expungement may be allowed.  It would be inconsistent with this bipartite scheme to allow reason-based expungement of records of a serious crime simply because the crime was committed by an eleven year old, when those records would not qualify for expungement under the age-based pathway.  See G. L. c. 276, §§ 100I-100K.  There is no reason to think that the Legislature intended reason-based expungement to undo the restrictions on age-based expungement.  See Olmstead v. Department of Telecomm. & Cable, 466 Mass. 582, 589 (2013), quoting Boothroyd v. Zoning Bd. of Appeals of Amherst, 449 Mass. 333, 339 (2007) ("We construe the provisions of [an act] in connection with the purpose of its enactment and as a harmonious whole").
     The juvenile also argues that, because expungement statutes are remedial, we should construe § 100K (a) (2) more broadly than its plain language would suggest.  But a statute's remedial purpose does not override the Legislature's intent as expressed by a statute's plain language.  See Souza v. Registrar of Motor Vehicles, 462 Mass. 227, 231-232 (2012) ("we are not at liberty to construe [a] statute in a manner that might advance its purpose but contravenes the actual language chosen by the Legislature"); Franklin v. Wyllie, 443 Mass. 187, 196 (2005) (although remedial statutes "are to be liberally construed . . . the result is constrained by the actual language of the statute").  The juvenile also argues that the interpretation of G. L. c. 276, § 100K (a) (2), should be guided by G. L. c. 119, § 53, which requires liberal construction of statutes governing the Juvenile Court's authority and delinquency proceedings so that children are "treated, not as criminals, but as children in need of aid, encouragement and guidance."  But § 53 is specifically limited to the construction of §§ 52 to 63, inclusive, of G. L. c. 119, and we are not free to export it beyond its express scope to an unambiguous statute in a different chapter of the General Laws.  See Commonwealth v. Millican, 449 Mass. 298, 300-301 (2007) ("Ordinarily, we do not look to extrinsic sources to vary the plain meaning of a clear, unambiguous statute unless a literal construction would yield an absurd or unworkable result").  Cf. Matter of an Impounded Case (No. 2), 493 Mass. 470, 477 (2024) (relying on extrinsic sources, including G. L. c. 119, § 53, to interpret ambiguous provisions that govern record sealing).
     Conclusion.  The juvenile's records do not fall within G. L. c. 276, § 100K (a) (2), and we accordingly affirm the order denying the juvenile's petition for expungement.
So ordered.
footnotes

     [1] We acknowledge the amicus brief submitted by Greater Boston Legal Services; Citizens for Juvenile Justice; youth advocacy division of the Committee for Public Counsel Services; Massachusetts Law Reform Institute; New England Law CORI Initiative; Northeast Legal Aid; and UMass Law School Human Rights at Home Clinic.
     [2] Although the juvenile only requested reason-based expungement, the Juvenile Court judge also determined that records pertaining to the juvenile's rape charge were ineligible for time-based expungement because that charge falls within one of the disqualifying categories.
     [3] Although we need not resort to legislative history given that the plain meaning of § 100K (a) (2) is clear and unambiguous, the legislative history is in accord with our conclusion that the Legislature intended § 100K (a) (2) to apply to conduct that has been decriminalized, such as the possession of marijuana, regardless of the age of the person who committed it.  See State House News Service (House Sess.), Nov. 13, 2017 (statement of Rep. Jeffrey Sánchez) (2018 Act "also allows for [expungement of] offenses that are no longer crimes, such as the possession of marijuana"); State House News Service (House Sess.), Apr. 4, 2018 (statement of Rep. Claire Cronin) (2018 Act "create[s] a mechanism for expungement . . . for things that are no longer crimes like marijuana offenses").