STEPHEN E. SHAMBAN, trustee,[1] *vs.* PHYLLIS A. MASIDLOVER.

Suffolk. January 8, 1999. - February 19, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Real Property,* Homestead. *Statute,* Construction.

A debtor's attempt to create an estate of homestead under G. L. c. 188, § 1A, was invalid, where no proof of disability was filed with the declaration in accordance with the express requirements of that section [53-54]; however, the filing nonetheless created a valid homestead exemption under G. L. c. 188, § 1 [54].

CERTIFICATION of questions of law to the Supreme Judicial Court by the United States District Court for the District of Massachusetts.

*Ann Brennan* for the plaintiff.

*Shaun M. Ellis* for the defendant.

IRELAND, J. The United States District Court for the District of Massachusetts has certified two questions to this court, concerning whether an attempt to create an estate of homestead is rendered invalid by a debtor's failure to comply with the express statutory requirements under G. L. c. 188, § 1A, when the declaration is filed.[2] We conclude that the debtor's attempt to create an estate of homestead is invalid under § 1A, but is valid under G. L. c. 188, § 1.

1. *Facts.* We summarize the agreed facts. In February, 1968, Phyllis A. Masidlover (debtor) acquired a principal place of residence as a tenant by the entirety. The debtor is sixty years old, and is totally and permanently disabled within the meaning of State and Federal law. See G. L. c. 188, § 1A; 42 U.S.C. § 1382c(a)(3)(A) & (C) (1994). In 1994, the Social Security Administration found the debtor to be disabled. She receives social security disability benefits. In November, 1997, the debtor

---

[1]Under Chapter 7 of the Bankruptcy Code for the debtor.

[2]See S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981).

filed a declaration of homestead protection purportedly pursuant to G. L. c. 188, § 1A, based on her disability status. At that time, however, the debtor did not file an original or certified copy of a disability award letter issued by the Social Security Administration or a letter from a licensed physician, as required under § 1A.

In December, 1997, the debtor filed a petition under Chapter 7 of the Bankruptcy Code. 11 U.S.C. § 301 (1994). In her petition, she claimed a $200,000 exemption for her residence pursuant to § 1A, and in doing so purported to exclude virtually all the equity in her home from the bankruptcy estate.

In the bankruptcy court proceeding, in 1998, the Chapter 7 trustee for the debtor (trustee) objected to the debtor's claim of a homestead exemption under § 1A. He argued that the exemption was invalid because the debtor had failed to file the proper documentation as proof of her disability, as required by § 1A.

The bankruptcy court judge requested certification to this court of the questions raised by the trustee's objection. Thus, pursuant to S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981), the Federal District Court certified to this court the following two questions:

> 1. "[W]hether an individual's failure to file a Social Security Disability Award Letter or a letter from a licensed physician with her 'Declaration of Homestead,' as required by [G. L. c.] 188, § 1A, renders the Homestead invalid?"
>
> 2. "[I]f the individual's Declaration of Homestead filed under [G. L. c.] 188, § 1A is invalid, is her Declaration of Homestead valid under [G. L. c.] 188, § 1?"

We answer both certified questions in the affirmative.

2. *Discussion.* The first issue is whether the debtor's attempt to create the estate of homestead is affected by her failure to file a social security disability award letter, or a letter from a licensed physician, with her declaration of homestead protection, as required under G. L. c. 188, § 1A.[3] We conclude that the debtor's homestead is invalid under § 1A. Accordingly, the

---

[3]General Laws c. 188, § 1A, provides in pertinent part:

"The real property or manufactured home of persons sixty-two years of age or older, regardless of marital status, or of a disabled person, as herein defined, shall be protected against attachment, seizure or execution of judgment to the extent of two hundred thousand dollars . . . . A disabled person's declaration

debtor is not entitled to claim a $200,000 homestead exemption. We are also asked to decide whether the debtor, having filed under § 1A, can now properly claim an exemption under G. L. c. 188, § 1.[4] In keeping with the broad public policy considerations underlying the homestead exemptions, we conclude that she may obtain a $100,000 exemption under § 1.

a. *General Laws c. 188, § 1A and § 1.* A debtor may exempt certain property from the bankruptcy estate. See 11 U.S.C. § 522 (1994). See also *Patriot Portfolio, LLC* v. *Weinstein,* 164 F.3d 677 (1st Cir. 1999). Section 522(b) enables individuals to choose between the Federal exemptions listed in § 522(d), or any available exemptions under State or local law. The Massachusetts Homestead Act, G. L. c. 188, § 1A and § 1, establishes two State exemptions. Under G. L. c. 188, § 1A, individuals sixty-two years of age or older, or those who are disabled as defined by the statute, have the right to claim $200,000 as an exemption. A person sixty-two years of age or older who seeks homestead protection must file a declaration of homestead protection, but does not have to file proof of age. G. L. c. 188, § 1A. However, if the declarant is disabled, as defined under § 1A, the declarant "shall" provide proof of disability by filing, along with the homestead declaration, a letter from a physician or a disability award letter from the Social Security Administration.[5] General Laws c. 188, § 1, by contrast,

---

of homestead protection shall be accompanied by either of the documents referred to in the second paragraph of this section. . . .

"An original or certified copy of a disability award letter issued to the person by the United States Social Security Administration; or a letter signed by a licensed physician registered with the Massachusetts Board of Registration in Medicine certifying that the person meets the disability requirements stated in 42 USC 1382c(a)(3)(A) and (C), which are in effect at the time of filing, shall be recorded or filed, whichever is appropriate, with a disabled person's declaration of homestead protection."

[4]General Laws c. 188, § 1, provides in pertinent part: "An estate of homestead to the extent of one hundred thousand dollars in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence. Said estate shall be exempt from the laws of conveyance, descent, devise, attachment, levy on execution and sale for payment of debts or legacies . . . ."

[5]"A disabled person's declaration of homestead protection shall be accompanied by either . . . [a]n original or certified copy of a disability award letter issued to the person by the United States Social Security Administration; or a letter signed by a licensed physician . . . ." G. L. c. 188, § 1A.

provides a declarant with a homestead exemption of $100,000, without having to file any additional documentation.

Homestead laws are designed to benefit the homestead declarant and his or her family by protecting the family residence from the claims of creditors. See *Dwyer* v. *Cempellin*, 424 Mass. 26, 30 (1996). Homestead laws are based on public policy that favors preservation of the family home regardless of the householder's financial condition. See *id.* at 29-30. Furthermore, homestead laws tend to prevent debtors and their families from becoming public charges. See *id.* at 30 n.7, citing. *Burrows* v. *Burrows*, 886 P.2d 984, 989 (Okla. 1994). In light of the public policy and the purpose of the statutes, this court has construed the State homestead exemptions liberally in favor of debtors. See *Dwyer* v. *Cempellin, supra* at 30. This approach is in keeping with authority in other jurisdictions. See, e.g., *First Ala. Bank* v. *Renfro*, 452 So. 2d 464, 468 (Ala. 1984) (homestead laws are to be construed liberally in furtherance of public policy); *Matter of Bly*, 456 N.W.2d 195, 199 (Iowa 1990) (homestead statute liberally construed because State benefits by having families secure in their homes); *In re Martin*, 875 P.2d 417, 422 (Okla. 1994) (homestead laws are liberally construed to protect families from "improvidence" and creditors' demands).

In keeping with public policy, and in light of the precedent of liberally construing homestead laws in favor of debtors, the debtor argues that her homestead should be considered valid under § 1A even though she failed to comply with the express statutory requirements of § 1A. She draws an analogy to *Dwyer* v. *Cempellin, supra*, where, despite a defect in the homestead's recording, this court upheld the debtors' exemption under § 1. She further argues that nothing in § 1A states that a declaration of homestead protection is invalid if unaccompanied by a disability award or a physician's letter.

We are unpersuaded by the debtor's reasoning, because to permit her homestead exemption under § 1A would contradict the statute's explicit provisions. Our conclusion in *Dwyer* does not rewrite the statute, as the debtor would have us do in the present case. In *Dwyer*, the debtors' declaration of homestead protection fully complied with the express statutory requirements for acquiring a valid homestead exemption under G. L. c. 188, § 1. See *id.* at 30. General Laws c. 188, § 1A, unambiguously stipulates that proper documentation is required,

at the time of filing, to show proof of a disability as defined by 42 U.S.C. § 1382c(a)(3)(A) and (C). Our reading of § 1A comports with the general rule of statutory interpretation that holds that we are constrained to follow statutory language when it is plain and unambiguous, unless to do so would lead to an absurd result, or be contrary to the Legislature's manifest intention. See *White* v. *Boston,* 428 Mass. 250, 253 (1998). See also *Attorney Gen.* v. *School Comm. of Essex,* 387 Mass. 326, 336 (1982). This is not a case where following the statute's literal meaning would lead to a result contrary to legislative intent. The Legislature, by explicit language, required individuals to provide proof of their disabilities at the time of the filing, in order to qualify for a exemption under § 1A. See *Commonwealth* v. *Cook,* 426 Mass. 174, 180-181 (1997), and cases cited (interpreting "shall" as mandatory). Thus, we conclude the Legislature clearly intended to distinguish in § 1A between elderly and disabled declarants. Accordingly, we hold that the debtor's estate of homestead is invalid under § 1A because she failed to file the proper documentation with her declaration of homestead protection.

Turning to the second question, we agree that the declaration of estate of homestead should be considered valid under § 1, even though the debtor expressly filed under § 1A. Although the debtor filed her declaration of homestead under § 1A, nothing precludes her declaration from being valid under § 1. The debtor meets the statutory requirements of § 1 because that statute does not require additional documentation for a legitimately acquired homestead. Our conclusion comports with the general presumption of construing the homestead exemption in the debtor's favor. See *Dwyer* v. *Cempellin, supra* at 29.

In sum, we answer the certified questions in the affirmative.