**In re John J. CAREY and Sandra L. Carey, Debtors.**

**No. 01–19552–CJK.**

United States Bankruptcy Court, D. Massachusetts.

Aug. 21, 2002.

Stephen E. Shamban, Braintree, MA, Chapter 7 Trustee.

Robert S. Simonian, Fall River, MA, for Debtors.

Eric Bradford, Boston, MA, for U.S. Trustee.

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION

CAROL J. KENNER, Bankruptcy Judge.

John J. Carey (the Debtor) asserts a claim of exemption as to his home, a three-family house. He claims the real property as exempt under the Massachusetts homestead statute, G.L. c. 188, § 1. He and his family occupy only one of the three dwelling units. The Chapter 7 Trustee, Stephen E. Shamban, objects to the claim of exemption, arguing that, under G.L. c. 188, a homeowner can establish an estate of homestead as to only the portion of the property that he or she uses (or intends to use) as his or her residence, and therefore that the Debtor's interest in the two units that his family does not occupy is not validly part of the homestead estate.[1] The Debtors defend the claim of exemption, taking the position that the estate of homestead extends to the whole of the property. In the alternative, they also argue that if only their dwelling space is covered, such space includes not only their unit but also the attic, basement, and surrounding land, and so much of the property as they may intend to occupy in the future, which cannot precisely or certainly be determined.

The facts are not in dispute. Debtor John Carey owns the real property at 293 Davis Street, New Bedford, Massachusetts, as a joint tenant with his mother, Irene Carey. The property is a single structure having three separate dwelling units. John Carey and his three minor children occupy one; his wife and joint

---

1. The Trustee asks that the claim of exemption be denied in its entirety, but he *argues* only that it is invalid as to the two units the Debtors do not occupy.

debtor in this case, Sandra Carey, also occupied the property as her principal residence as of the petition date. The second unit is being rented to a third party. The third unit is now vacant, but efforts are being made to rent it. Irene does not reside at this property. The Debtors contend that, in addition to their actual unit, they also use the basement, attic, and surrounding land. The metes and bounds description in the deed and homestead declaration indicates that the entire property has dimensions of 40 feet by 89 feet. John Carey recorded a declaration of homestead as to the property on September 6, 2001. He and Sandra Carey filed a joint petition under Chapter 7 of the Bankruptcy Code on December 26, 2001 and, in their bankruptcy case, have claimed John's interest in the property as exempt to the extent of $200,000 under G.L. c. 188. The Debtors value the whole property at $140,000 and indicate that it is subject to a first mortgage in the amount of $75,262.99. The Trustee offers no separate opinion as to the extent of encumbrance but apparently has obtained an appraisal that values the property at $120,000.[2]

■ These facts do not differ materially from those in *In re Brizida*, 276 B.R. 316 (Bankr.D.Mass.2002). In that case, Judge Feeney, in rejecting virtually the same objection as is presented here, held that the Massachusetts homestead exemption covers the whole of a three-unit dwelling in which the owner resides in only one unit and rents-out the others. I agree with Judge Feeney's holding and reasoning in *Brizida*.

■ I would add to *Brizida* only by expanding on one of its points: that the homestead statute extends the estate of homestead to the whole of the lands and buildings that constitute the owner's "home," limited only by the dollar value of the exemption. The statute sets forth no other express limitation, and does not define "home." Homes come in many forms and are put to many uses. They variously include rental units, home offices from which the owners conduct business and earn their livings, professional and for-profit workshops and studios, land used for farming or storage of vehicles, and land and rooms that (though within the house) the owners never actually occupy or use in any meaningful sense. If the words "home" and "occupied as a principal residence" are to be construed in their narrowest possible sense, none of these spaces would qualify; the protected homestead would, in each case, be only some fraction of the property, and "home" would be far more constricted in its statutory meaning than it is in real life. When the statute was drafted, as today, not all homes were single-family, suburban bedrooms. The statute does not attempt to limit the manner in which homeowners might profit from their homes: some will choose extra bedroom space for their own families and the benefits of having no in-house neighbors, others will forsake such luxuries for rent that helps pay the mortgage, the rent being no less necessary for enjoyment of the homestead than the furnace. The latter practice has a long and wide history, was (surely) well-known to the Commonwealth's General Court when it enacted the homestead statute, and is perfectly consistent with the statute's purpose of assuring to debtors a homestead and thereby preventing them and their families from becoming public charges. *Shamban v. Masidlover*, 429 Mass. 50, 53, 705 N.E.2d 1136 (1999). Moreover, the homestead statute does not include a provision

---

**2.** The Trustee has not explained what financial interest the estate has in prosecuting this objection; it is far from clear that the estate would reap any net equity.

for partition of the residential portions of the property from the non-residential, as one might expect if "home" were intended to mean something less than the whole of the property;[3] and for various reasons, partition would often be practically impossible.[4]

For these reasons and those articulated in *Brizida*, the Court will overrule the Trustee's objection to the Debtor's homestead exemption. A separate order will enter accordingly.

### ORDER ON TRUSTEE'S OBJECTION TO CLAIM OF HOMESTEAD EXEMPTION

For the reasons set forth in the separate memorandum of decision issued today, the objection of the Chapter 7 Trustee to the Debtor's claim of exemption as to the real property at 293 Davis Street, New Bedford, Massachusetts, is hereby OVERRULED.

---

3. The statute does provide for partition of the property in certain circumstances. See G.L. c. 188, § 9, and G.L. c. 236, § 18 (where judgment creditor seeks to levy on real property subject to an estate of homestead, or such property is assigned under laws relative to insolvent debtors, then, if the property has a value in excess of $50,000, "there shall be set off to the debtor so much of the premises, including the dwelling house, in whole or in part, as shall appear ... to be of the value of fifty-thousand dollars," and the remainder shall be levied upon.) But such partition is on the basis of value. If the estate of homestead is of less value than the protected value (as to which there appears to be a discrepancy between these sections, which shelter $50,000 of value, and §§ 1 and 1A of G.L. c. 188, which shelter, at a minimum, $300,000 of value), no partition is authorized, regardless of the use to which the property is put.

4. The reasons would include the configuration of the property, the legal constraints on partitioning property and establishing condominiums, the effect on value of partitioning the property, the market (or lack thereof) for spaces that would tend to be oddly or intimately configured, and the building cost of remodeling the property into condominiums.