## ROBERT L. SMITH vs. REGISTRAR OF MOTOR VEHICLES.

No. 05-P-615.

Middlesex. February 14, 2006. - April 6, 2006.

Present: DUFFLY, BROWN, & KATZMANN, JJ.

*Registrar of Motor Vehicles,* Records. *Massachusetts Tort Claims Act. Governmental Immunity. Public Policy. Statute,* Construction.

The plain meaning of the sovereign immunity provisions of § 10(*e*) of the Massachusetts Tort Claims Act, G. L. c. 258, unambiguously barred a civil suit alleging that the Registry of Motor Vehicles (registry) was negligent in issuing an erroneous report that the plaintiff's motor vehicle registration had been revoked, where the claim was based on the alleged negligence of the registry's employees in failing to enter accurately the defendant's registration data into the registry's system. [32-33]

CIVIL ACTION commenced in the Superior Court Department on November 6, 2000.

A motion to dismiss was heard by *John S. McCann,* J.

*Stephen Dick,* Assistant Attorney General, for the defendant.

*Robert F. Casey, Jr.,* for the plaintiff.

KATZMANN, J. The complaint in this case was triggered by an apparent error in the Registry of Motor Vehicles's (RMV) database. We conclude that the plaintiff's suit is barred by the sovereign immunity provisions of G. L. c. 258, the Massachusetts Tort Claims Act (MTCA). G. L. c. 258, § 10(*e*). Accordingly, we reverse the Superior Court judge's denial of the defendant's motion to dismiss the complaint.

For the purposes of our review, we accept as true the allegations in the complaint. *Nader* v. *Citron,* 372 Mass. 96, 98 (1977). The central allegation is that the RMV was negligent in issuing an erroneous RMV report that Robert L. Smith's motor vehicle registration had been revoked. Smith was driving his vehicle in Pepperell on October 29, 1998, when a police officer ran an

inquiry regarding the status of Smith's motor vehicle with the RMV. The RMV database indicated that Smith's registration had been revoked. The officer stopped Smith, and subsequently arrested and charged him with operating under the influence of alcohol (OUI) and operating with a revoked registration. On November 12, 1998, the RMV sent Smith a written apology, stating that a clerical mistake had caused the error and confirming that his registration had not been cancelled. Smith was later tried and acquitted on the OUI charge.

Smith then brought the within lawsuit against the Registrar of Motor Vehicles, alleging that the RMV's negligent and erroneous report of his motor vehicle's status led to his stop and arrest, which resulted in emotional distress, lost income, loss of his right to operate a motor vehicle, and attorney's fees. The registrar moved to dismiss the complaint as barred by G. L. c. 258, § 10(*e*). The judge denied the motion and the registrar appealed.

*Discussion.* The MTCA waives the Commonwealth's sovereign immunity and permits a plaintiff to recover from a public employer under certain circumstances.[1] The Legislature has, however, for reasons of public policy, chosen to preserve sovereign immunity for certain claims, irrespective of their legal sufficiency or merit, or the gravity of the injuries alleged. See *Carleton* v. *Framingham*, 418 Mass. 623, 627 (1994); *Brum* v. *Dartmouth*, 428 Mass. 684, 695 (1999); *Kent* v. *Commonwealth*, 437 Mass. 312, 318 (2002); G. L. c. 258, § 10(*a*)-(*j*). General Laws c. 258, § 10(*e*), inserted by St. 1993, c. 495, § 57, expressly prohibits "any claim based upon the issuance, denial, suspension or revocation or failure or refusal to issue, deny, suspend or revoke any permit, license, certificate, approval, order or similar authorization." This statutory language is unambiguous, and we attribute to it its plain meaning. *Victor V.* v. *Commonwealth*, 423 Mass. 793, 794 (1996). The language of § 10(*e*) cuts a broad swath, exempting from recovery "any claim" in a variety of named circumstances. See *Tivnan* v. *Registrar of Motor*

---

[1] "Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment . . . ." G. L. c. 258, § 2, inserted by St. 1978, c. 512, § 15.

*Vehicles*, 50 Mass. App. Ct. 96, 102 (2000) (RMV was immune from liability for issuing duplicate driver's license to impostor in licensee's name). The phrase "based upon," when accorded its plain and ordinary meaning, refers to any claim that is rooted in or "uses as a basis for" its applicability any of the covered types of activities or events. See Webster's Third New International Dictionary 180 (1993). If the gravamen of a plaintiff's complaint can be traced back to any one or more of the types of events or activities delineated in § 10(*e*), then the action is barred.

Smith's complaint arises from an error in the RMV database in regard to the registration of his vehicle. The language of the statutory exemption covers this claim, which is rooted in the "issuance, denial, suspension or revocation [of] or failure . . . to issue" any license or similar authorization, such as a registration. G. L. c. 258, § 10(*e*). The plain meaning of this statutory immunity encompasses the maintenance of records. Given the volume of persons served and records generated by RMV, § 10(*e*) embodies a legislative determination that even lamentable clerical errors, such as the one here, should be immunized from litigation. While Smith may take issue with this legislative policy judgment, its merits are beyond our province. In short, § 10(*e*) bars Smith from bringing a suit based upon the alleged negligence of RMV employees in failing to enter accurately his registration data into their system.

Smith contends that the legislative history of G. L. c. 258, § 10(*e*), makes it clear that the Legislature did not intend to immunize collateral acts by Commonwealth employees. As examples of collateral acts, he posits a RMV employee who drops a camera on an applicant's foot while taking a license photograph, or a driving test administrator who causes a serious automobile accident. We need not decide Smith's hypothetical, peripheral examples. In this case, the entry and maintenance of registration data are central to the functions that are immunized from liability by § 10(*e*). Given the broad language of the statute, they cannot be parsed from the remainder of the process. The motion to dismiss should have been allowed.

The order denying the motion to dismiss is reversed. A judgment shall enter dismissing the complaint.

*So ordered.*