Leibensperger, Edward P., J.
James Tewhey commenced this action against Hannah Bodkins seeking a declaration that an estate of homestead was properly declared on the principal residence of Tewhey and his wife at 120 Fairbank Road, Sudbury, Massachusetts (the “Property”). The reason Tewhey seeks the declaration is because Bodkins had previously obtained a judgment against Tewhey in a legal malpractice action. Tewhey, alawyer, has not satisfied the judgment. He contends that the homestead declaration protects the equity in the Property such that it is not available to satisfy the judgment.
During the pendency of this action, Tewhey and his wife decided to sell the Property. Pursuant to an order of this Court, a lien filed by Bodkins on the Property was removed to facilitate the sale. The court ordered that the proceeds of the sale in an amount sufficient to satisfy Bodkins’s judgment be held in escrow pending the resolution of Tewhey’s claim of homestead protection. A trial of this matter was heard on December 27, 2011. The case is now ready for resolution.
FINDINGS OF FACT
Bodkins engaged Tewhey as her lawyer in a divorce matter. She became extremely dissatisfied with his representation and terminated the relationship in March 2005. Bodkins asserted that Tewhey’s legal malpractice caused her significant damages in connection with the sale of her marital home. In December 2007, she sued Tewhey in the Superior Court, Essex County. On June 5, 2008, a default judgment was entered against Tewhey. According to the docket entry in the malpractice action, after hearing and based upon the evidence presented, damages were assessed at $18,900 and doubled to $37,800 based on a finding that the malpractice was wilful and knowing. Bodkins testified that the doubling of the damages was pursuant to G.L.c. 93A. Tewhey moved to vacate the default judgment. On October 6, 2008, the court denied Tewhey’s motion, finding that Tewhey had not demonstrated excusable neglect with respect to the entry of the default judgment. The court also noted that the record of the case “demonstrates exactly the pattern of mysterious, unresponsive, and neglectful conduct which gave rise to the Plaintiffs legal malpractice claim in the first place.”[1] Tewhey appealed the entry of the default judgment. On November 19, 2009, the Appeals Court affirmed the entry of the default judgment.
Bodkins obtained an execution, dated December 22, 2009, in the total amount of $47,612.93. On December 9, 2010, having been unsuccessful in collecting the amount owed to her by Tewhey, Bodkins *491 recorded a lien on the Property by filing the execution at the Middlesex Registry of Deeds.
Meanwhile, on March 22, 2010, Tewhey’s wife, Karen M. Tewhey, recorded a declaration of homestead in the Middlesex Registry of Deeds with respect to the Property. The property was held by Tewhey and his wife as tenants by the entirety. The property was the principal residence of Tewhey and his wife. They married in 1981 and have been continuously married since that date. Later, on May 2, 2011, Tewhey, himself, recorded a declaration of homestead with respect to the Property, noting that he qualified as an elderly person under the homestead statute.
In 2011, the Tewheys decided to sell the Property. By Order dated May 13, 2011, this Court directed Bodkins to remove the lien on the Property so that the closing of the sale could proceed. Tewhey was ordered to have the closing attorney hold in an interest-bearing account sufficient funds to cover the execution and lien filed by Bodkins until this Court issues a final judgment. The Property was sold on May 25, 2011 for $502,000. Of that amount, approximately $285,000 was paid to the mortgagee leaving approximately $217,000 as proceeds from the sale. Approximately $100,000 of the proceeds is being held in escrow pursuant to this Court’s previous order.
To date, nothing has been paid by Tewhey to Bodkins in satisfaction of the judgment and execution.
CONCLUSIONS OF LAW
The Massachusetts Homestead statute, G.L.c. 188, §§1-14, underwent a substantial revision in 2010. Pursuant to Section 3 of St. 2010, c. 395, “[a]ll existing estates of homestead in effect on the effective date [March 16, 2011] of this act shall continue in full force and effect notwithstanding the repeal of any law under which they were created and shall be governed by this act ...” Tewhey contends that the declarations of homestead filed by him and his wife created a homestead estate to the extent of $500,000 that is exempt from levy on execution and sale. See, G.L.c. 188, §3(b). In addition, Tewhey points to §11 of c. 188 which provides that if a home that is subject to an estate of homestead is sold, “the proceeds received on account of any such sale .. . shall be entitled to the protection of this chapter ... for a period ending on the date on which the person benefitted by the homestead either acquires another home the person intends to occupy as a principal residence or one year after the date on which the sale . . . occurred, whichever first occurs.” G.L.c. 188, §11(a)(1).
Prior to the 2010 revision of the Homestead statute, the statute provided six exceptions to an exemption for a homestead estate. One of those exceptions was “for a debt contracted prior to the acquisition of said estate of homestead.” See, §1(2) of previous version of G.L.c. 188. If that exception still existed, the Tewheys’ declarations of homestead would provide no protection because the debt to Bodkins clearly existed prior to the acquisition of the estate of homestead. The Legislature, however, revised the exceptions to homestead protection in the 2010 act. See, G.L.c. 188, §3(b). The current, applicable, version of the act creates two relevant exceptions to homestead protection: (a) for a lien on the home recorded prior to the creation of the estate of homestead, and (b) “upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.” G.L.c. 188, §3(b)(2) and (6).
Because Bodkins did not record a lien on the Property until December 9, 2010, and because Tewhey’s wife recorded a Declaration of Homestead approximately nine months earlier, Tewhey argues that the exception (a) above, contained in G.L.c. 188, §3(b)(2), does not apply.[2] Tewhey is correct. The 2010 revision of the statute eliminated the exception for prior debts if those debts did not result in a recorded lien prior to the declaration of homestead. Bodkins’s argument to the contrary — namely, that §8 of c. 188 (“No estate of homestead shall affect a mortgage, lien or other encumbrance previously existing except as provided in this chapter”), makes the pre-existing debt an “encumbrance” — is unavailing. A debt, by itself, is not an encumbrance on property as referenced in this section.
The analysis does not, however, stop there. The Homestead statute, prior to and after the 2010 revision, mandates an exception to homestead protection “upon an execution issued from a court of competent jurisdiction to enforce its judgment based upon fraud, mistake, duress, undue influence or lack of capacity.” G.L.c. 188, §3(b)(6). Here, Bodkins holds an execution to enforce a default judgment. Testimony at trial in this case established that the default judgment was obtained upon claims of legal malpractice and violations of G.L.c. 93A. In connection with entering the default judgment, the court found a wilful and knowing violation of c. 93A sufficient to award double damages. Thus, an issue is presented as to whether the execution obtained by Bodkins is an exception to homestead protection pursuant to G.L.c. 188, §3(b)(6).
While the homestead exemption is to be construed liberally in favor of debtors, such liberal construction should not contradict the plain and unambiguous language of the statute. Shamban v. Masidlover, 429 Mass. 50, 53 (1999). The statute provides a clear exception to homestead protection “upon an execution,” such as what Bodkins holds, to enforce a certain type of judgment.
A judgment that is “based upon” fraud, mistake, duress, undue influence or lack of capacity is the type of judgment that is an exception to the homestead exemption. The plain meaning of “based upon” is that the judgment is “rooted in” or is as a result of any one of the descriptive words in the statute. Cf., Smith v. *492 Registrar of Motor Vehicles, 66 Mass.App.Ct. 31, 33 (2006) (interpreting “based upon” in another statute). In the present case, the default judgment against Tewhey is “based upon” his neglect with respect to answering the complaint and his “knowing and wilful” malpractice in violation of c. 93A.
No case from a Massachusetts court has been found that addresses the “fraud, mistake, duress undue influence or lack of capacity” exception to homestead protection under G.L.c. 188, §3(b)(6). The Court is aware of the decision by the United States District Court (Gorton, J.), in ClearOne Communications, Inc. v. Chiang, 717 F.Sup.2d 142 (D.Mass. 2010), concluding that §3(b)(6) is “ambiguous” and holding that it does not create an exception to a homestead exemption for a judgment based upon misappropriation and theft of trade secrets. The court respectfully declines to follow the reasoning of that decision. To do so would, essentially, read out of existence §3 (b)(6). Instead, that section must be given meaning. If a judgment (upon which an execution is obtained to enforce) is based upon one of the descriptive terms in §3(b)(6), the execution should be an exception to the homestead exemption.
The default judgment against Tewhey was, at minimum, based upon “mistake” in that he failed to answer the complaint. Moreover, the underlying claim of malpractice found to be knowingly and wilfully committed, falls within the “mistake” or “undue influence” or possibly “fraud” rubric of the statute. Accordingly, Bodkins’s execution is to enforce a judgment that is based upon an exception to homestead protection under §3 (b)(6).
JUDGMENT AND ORDER
The Property is not exempt as a homestead estate declared by Tewhey and his wife. Accordingly, the proceeds from the sale of the Property are not protected. Bodkins may levy on the amount being held in escrow as a result of the sale. The Court declares as a final judgment that Bodkins is entitled to recover from the proceeds of the sale of the Property held in escrow the amount of the execution ($47,612.93), plus postjudgment interest from December 22, 2009 to date in the amount of $11,630.55 for a total of $59,243.48. Tewhey is ORDERED to direct the escrow agent to pay that amount to Bodkins within thirty (30) days.

Bodkins also lodged a complaint against Tewhey with the Board of Bar Overseers. That complaint caused an investigation by the Board which, ultimately, resulted in an October 30, 2009 order of public reprimand to Tewhey.

Tewhey also argues that his homestead exemption for an elderly person filed in May 2011 “related back” to the date of his wife’s declaration, pursuant to c. 188, §5(d). The language of that section is somewhat difficult to decipher but, because of the court’s resolution of this matter, it is unnecessary to apply that section or to mle on this argument.