Wilson, Paul D., J.
In this case, Plaintiff April Hamani sues Defendant Taisha Delk-Millien, the Office of the Commissioner of Probation (“Probation”), and the Executive Office of Public Safety and Security Department of Criminal Justice Information Services (“DCJIS”). The plaintiff complains about alleged improper dissemination of information about her criminal record by defendant Delk-Millien, asserting that Probation and DCJIS are responsible for the actions of Delk-Millien and for their independent negligence in not preventing Delk-Millien’s allegedly wrongful actions.
DCJIS and Probation now move separately to dismiss all claims asserted against them in the Amended Complaint. For the following reasons, I will allow these defendants’ motions as to the plaintiffs claims for invasion of privacy and malicious prosecution, but will deny their motions as to the plaintiffs claims that their actions violated the Criminal Offender Record Information Statute.
BACKGROUND
In her First Amended Complaint, the plaintiff claims that Probation was negligent by failing to properly supervise defendant Delk-Millien during her employment there, and as result of this negligence, Delk-Millien was able to access and improperly disseminate the plaintiffs criminal offender record information (“CORI”). The plaintiff further alleges that DCJIS was negligent in releasing the plaintiffs CORI and allowing Delk-Millien to access this CORI. In support of these claims, the plaintiff alleges the following facts, which I accept as true for the purposes of these motions.
Delk-Millien was employed by Probation and worked at the Boston Municipal Court. Through her employment with Probation, Delk-Millien had access to statutorily protected CORI.[2] DCJIS was responsible for releasing this information to Probation.[3]
Between January 2007 and June 2008, Delk-Millien disseminated the plaintiffs CORI to, at least, the plaintiffs landlord, the plaintiffs son’s school, and the plaintiffs son’s babysitter. The CORI that was disseminated included portions of the plaintiffs criminal record, aliases, physical description and personal *417 information. Delk-Millien also manipulated Probation’s computer system to make it appear that the plaintiff had outstanding warrants, which resulted in the plaintiff being detained, arrested, and arraigned on several occasions. A criminal investigation ensued, culminating in Delk-Millien’s guilty plea in Boston Municipal Court in November 2010. Thereafter, the plaintiff presented this claim by complying with the presentment requirements of G.L.c. 258, §4.
On November 1, 2013, the plaintiff filed her initial Complaint in this matter. Thereafter, on April 14, 2014, the plaintiff filed her First Amended Complaint, in which she asserted five claims against the moving defendants[4] in the aggregate. Against both Probation and DCJIS, plaintiff asserted claims for invasion of privacy under G.L.c. 214, §1B (Counts I and III), and claims for violation of the CORI statute pursuant to G.L.c. 6, §§171-72 and 177 (Counts II and IV). Against Probation, plaintiff also asserted a claim for malicious prosecution (Count V). DCJIS and Probation moved to dismiss these counts, in separate motions.
In support of its motion to dismiss, Probation included the Affidavit of Yvonne Roland, the Director of Personnel for the Office of the Commissioner of Probation, describing her review of the Commonwealth’s Human Resources Compensation Management System (“HRCMS”), which lists all employees on the Probation payroll from March 25, 2000 to the present. According to the HRCMS database, Roland states, defendant Delk-Millien was not employed by Probation during this period. Probation has also submitted a copy of a letter dated August 28, 2012 from a lawyer for the plaintiff to the Office of Attorney General Martha Coakley. The letter states that its purpose is to provide notice of the plaintiffs claim, and it announces that the plaintiff would pursue a claim pursuant to G.L.c. 258 unless that claim is resolved within the following six months.
I held a hearing on the both of the motions to dismiss on November 4, 2014.
DISCUSSION
I. Standard of Review
Dismissal under Mass.R.Civ.P. 12(b)(6) is proper “where the allegations in the complaint clearly demonstrate that the plaintiffs claim is legally insufficient.” Nguyen v. William Joiner Center for the Study of War and Social Consequences, 450 Mass. 291, 295 (2007), quoting Harvard Crimson, Inc. v. President & Fellows of Harvard College, 445 Mass. 745, 748 (2006).
To survive a motion to dismiss, the complaint must set forth “ ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief,” which “must be enough to raise a right to relief above the speculative level.” Iannaccinno v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). “We accept as true the allegations in the complaint and draw every reasonable inference in favor of the plaintiff.” Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011). “In making this determination, we look beyond the con-clusoiy allegations in the complaint and focus on whether the factual allegations plausibly suggest an entitlement to relief.” Id.
However, the court “does not accept legal conclusions cast in the form of factual allegations.” Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). The rule that a court must accept a plaintiffs factual allegations as true and draw every reasonable inference in favor of the plaintiff “does not entitle [the plaintiff] to rest on ‘subjective characterizations’ or conclusory descriptions of a ‘general scenario which could be dominated by unpleaded facts.’ ” Id. at 477-78, quoting Judge v. Lowell, 160 F.3d 67, 77 (1st Cir. 1998) (internal quotations omitted).
II. Invasion of Privacy and Malicious Prosecution Claims Against Probation and DCJIS (Counts I, III and V)
The Massachusetts Tort Claims Act (the “MTCA”) replaced the common-law doctrine of governmental immunity, and its “myriad of judicially created exceptions, with a comprehensive statutory scheme governing the tort liability of public employers.” Morrissey v. New England Deaconess Ass’n—Abundant Life Communities, Inc., 458 Mass. 581, 590 (2010). ‘The Act ‘created a cause of action against public employers for the negligent or wrongful acts or omissions of their employees acting within the scope of their employment.’ ” Barrows v. Wareham Fire Dist., 82 Mass.App.Ct. 623, 626 (2012), quoting Nelson v. Salem State College, 446 Mass. 535, 537 (2006); see G.L.c. 258, §2.
“Although the Act has abrogated the Commonwealth’s immunity in tort actions in most circumstances, the Legislature, ‘for reasons of public policy, chose to preserve sovereign immunity for certain claims, irrespective of their legal sufficiency or merit, or gravity of the injuries alleged.’ ” Morrissey, 458 Mass. at 592, quoting Smith v. Registrar of Motor Vehicles, 66 Mass.App.Ct. 31, 32 (2006); see G.L.c. 258, §10(a)-(j). One type of claim for which the Legislature has preserved sovereign immunity, and therefore excluded from coverage under the MTCA, are claims arising out of intentional torts. G.L.c. 258, § 10(c); see Barrows, 82 Mass.App.Ct. at 626 (“Act expressly exempts intentional torts from its provisions”) . Section 10(c) lists a number of these intentional torts, including both malicious prosecution and invasion of privacy. G.L.c. 258, §10(c). As a result, the plaintiffs claims of invasion of privacy against DCJIS (Count I) and Probation (Count III), as well as her claim for malicious prosecution against Probation (Count V) fail as matter of law. See id.; Barrows, 82 Mass.App.Ct. at 626-30. Plaintiffs counsel conceded this point during the hearing on November 4, 2014.
*418 Therefore, Counts I, III, and V of the Amended Complaint shall be dismissed.
III. Violation of Criminal Offender Record Information Statute
The plaintiff claims that both DCJIS (Count II) and Probation (Count IV) violated G.L.c. 6, §§171 through 172, by negligently allowing Delk-Millien access to protected CORI information, which she disseminated to other parties, resulting in harm to the plaintiff.
G.L.c. 6, §171 provides that DCJIS “shall promulgate regulations (a) creating a continuing program of data auditing and verification to assure the accuracy and completeness of criminal offender record information; (b) assuring the prompt and complete purging of criminal record information, insofar as such purging is required by any statute or administrative regulation, by the order of any court of competent jurisdiction, or to correct any errors shown to exist in such information; and (c) assuring the security of criminal offender record information from unauthorized disclosures at all levels of operation.” G.L.c. 6, §171. Section 171 also charges DCJIS with providing a continuing education program in the “proper use and control” of CORI for employees of all agencies that maintain or receive CORI. Id.
G.L.c. 6, §172 first specifies the limited universe of persons or entities entitled to access to CORI. G.L.c. 6, §172(a). Then Section 172 provides, “Any individual or entity that receives or obtains criminal offender record information from any source in violation of sections 168 through 175 of this chapter, whether directly or through an intermediaiy, shall not collect, store, disseminate, or use such criminal offender record information in any manner or for any purpose.” Id. §172(1).[5]
The plaintiff brings her CORI-based claims under G.L.c. 6, §177, which provides a remedy for violations of sections 168 through 175 of the CORI statute. The statute reads as follows:
Any aggrieved person may institute a civil action in superior court for damages or to restrain any violation of sections one hundred and sixty-eight to one hundred and seventy-five, inclusive. If it is found in any such action that there has occurred a willful violation, the violator shall not be entitled to claim any privilege absolute or qualified, and he shall in addition to any liability for such actual damages as may be shown, be liable for exemplary damages of not less than one hundred and not more than one thousand dollars for each violation, together with costs and reasonable attorneys fees and disbursements incurred by the person bringing the action.
DCJIS and Probation read this section as requiring proof of a willful violation of any of the cited provisions of the CORI statute, including Sections 171 and 172 on which the plaintiff relies, as a predicate to recovery. Consequently, they argue, a violation of these sections of the CORI statute is an intentional tort and is therefore exempted from coverage under the MTCA at G.L.c. 258, § 10(c).
There is no question that the MTCA “expressly exempts intentional torts from its provisions, and therefore a public employer cannot be sued for intentionally tortious conduct of its employee.” Barrows v. Wareham Fire Dist., 82 Mass.App.Ct. 623, 626 (2012); see G.L.c. 258, §10(c). It is also well settled that “(w]hile § 10(c) lists a number of intentional torts, its use of the word ‘including’ indicates that the enumerated list is representative, not all-inclusive, and that any intentional tort is covered by §10(c).” Barrows, 82 Mass.App.Ct. at 626; see Connerty v. Metro. Dist. Comm’n, 398 Mass. 140, 149 (1986). Therefore, if Section 177 affords an aggrieved person a remedy only for an intentional violation of G.L.c. 6, §§171-72, then the plaintiffs claims against both departments should be dismissed.
I conclude, however, that Section 177 allows an aggrieved person such as the plaintiff to sue not just over “willful violation(s),” but also over merely negligent conduct. “A fundamental tenet of statutory interpretation is that statutory language should be given effect consistent with its plain meaning and in light of the aim of the Legislature unless to do so would achieve an illogical result.” Olmstead v. Dep’t of Telecommunications and Cable, 466 Mass. 582, 588 (2013), quoting Sullivan v. Brookline, 435 Mass. 353, 360 (2001). Where the statute’s words are clear, as they are in this case, effect is given to the statute’s “plain and ordinary meaning.” Id., quoting Massachusetts Broken Stone Co. v. Weston, 430 Mass. 637, 640 (2000).
The first sentence of Section 177 states generally that the section provides a means of recovery via a civil action “for damages.” G.L.c. 6, §177. Thereafter, the statute identifies two separate kinds of damages available — either “actual” or “exemplary.” Id. There is no mention of any prerequisites necessary to obtain “actual” damages. In contrast, in order to obtain “exemplary” damages, the plaintiff must prove that there was a “willful violation” of the underlying provision of the CORI statute. Id. Proving such a “willful violation” also entitles a plaintiff to her costs and reasonable attorneys fees. Id. In addition to providing exemplary damages for “willful violations,” Section 177 also specifies that a willful violator will “not be entitled to any privileges absolute or qualified.” Id. No such comparable restriction is imposed on a defendant being sued for non-willful violations. See id. Therefore, on its face Section 177 provides a general civil remedy for which actual damages must be proved, as well as an enhanced remedy for “willful violations” for which exemplary damages, costs and reasonable attorneys fees may be obtained, and as to which the defendant is not permitted to raise certain defenses.
*419 This reading of Section 177 is consistent with the overall purpose of the CORI statute. See Olmstead, 488 Mass. at 588 (statute interpreted in light of the aim of the Legislature unless doing so achieves illogical result). Generally speaking, the overall purpose of the statute was to create systems and procedures in order to protect the sensitive and private information relating to an individual’s criminal history in connection with the operation of those systems. See Kordis v. Superintendent, 52 Mass.App.Ct. 902, 903 (2003); see also New Bedford Standard-Times Pub. Co. v. Clerk of the Third Dist. Court of Bristol, 377 Mass. 404, 413-14 (1979). Providing a civil action for both willful and non-willful violations has a “rational connection” to this purpose. See Morra v. Casey, 960 F.Sup.2d 335, 340 (D.Mass. 2013). As the Court in Morra surmised, it would be reasonable for the Legislature to provide exemplary damages for willful violations, because proving actual damages in these 1ypes of cases could prove difficult. By allowing for exemplary damages against willful violators, Section 177 provides a method of enforcing the statute against those more culpable offenders, regardless of whether the aggrieved person could prove actual damages. See Morra, 960 F.Sup.2d at 340; see also Roggio v. Grasmuck, 988 F.Sup.2d. 130, 142 (D.Mass. 2013) (“Roggio II”) (“Exemplary damages are meant to punish and deter willful violations” of the CORI statute).
Moreover, although the Massachusetts appellate courts have not directly addressed this issue,[6] federal courts have suggested that Section 177 provides for both actual damages for non-willful violations, and exemplary damages for willful violations. See Roggio II, 988 F.Sup.2d at 139, 141-42 (reading statute as providing for “compensatory damages” for CORI violation and “exemplary damages for willful violations”); Morra, 960 F.Sup.2d at 340 (discussing reasons for distinguishing actual and exemplary damages).
In addition, the legislature has established similar two-tier damages regimes in other statutes. One well-known example is G.L.c. 93A, which awards single damages to a plaintiff aggrieved by a defendant’s unfair or deceptive act or practice in commerce, but awards double or treble damages if the act or practice is willful or knowing.
Like Chapter 93A, Section 177’s coverage is not limited to willful violations, and therefore the plaintiff does not need to allege a willful violation of G.L.c. 6, §171-72 in order to survive the motion to dismiss. Taking as true the plaintiffs allegations and drawing every reasonable inference in the plaintiffs favor, see Curtis, 458 Mass. at 676, I conclude that the plaintiff has plausibly suggested an entitlement to relief under G.L.c. 6, §§171-72. The plaintiff has effectively made out a claim for negligence against Probation, for failing properly to supervise its employee defendant Delk-Millien to prevent her from accessing the plaintiffs statutorily protected CORI information, failing to prevent her from disseminating this information, and allowing her to manipulate Probation’s computer systems to make it appear that the plaintiff had outstanding warrants.[7] In regards to DCJIS, drawing every reasonable inference in the plaintiffs favor and assuming all factual allegations are true, DCJIS could plausibly have been negligent in its actual dissemination of certain CORI to either Probation or Delk-Millien, or DCJIS could be liable for negligently carrying out its responsibilities as the department charged with overseeing and maintaining the CORI information systems and procedures.
As a result, I conclude that the plaintiffs claims against both Probation and DCJIS for violating the provisions of G.L.c. 6, §§171-72 (Counts II and IV) do not fail as a matter of law.
IV. Presentment and Statute of Limitations
The agency defendants also argue that the plaintiffs CORI-based claims should be dismissed because they (1) are barred by the applicable statute of limitations and (2) for untimely presentment under the MTCA. As public employers, DCJIS and Probation can only be sued for negligence under the MTCA. See Parker v. Chief Justice for Admin. and Mgmt. of the Trial Court, 67 Mass.App.Ct. 174, 177-78 (2006); see also G.L.c. 258, §2. As a result, the plaintiff is subject to the MTCA’s statute oflimitations and presentment requirements, both of which are set out in G.L.c. 258, §4.
Section 4 provides that a claim for damages brought under the MTCA may not be brought against a public employer unless the claimant has “first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose.” G.L.c. 258, §4. When the public employer is a state agency, a claimant may present such a claim to the Attorney General. Id. Section 4 also explicitly states that “(n]o civil action shall be brought more than three years after the date upon which such cause of action accrued.” Id.
The shorter time limit is the presentment requirement. Although the plaintiff did not provide any specific dates, she alleges in the Amended Complaint that she satisfied all the necessaiy conditions of presentment under G.L.c. 258, §4. The defendants note, however, that the plaintiff did not send her letter of presentment to the Attorney General until August 28, 2012.[8] They argue that the plaintiff knew or should have known that she had been harmed by the defendants’ conduct more than two years before this date, because she alleges that defendant Delk-Millien wrongfully disseminated plaintiffs CORI between Jan-uaiy 2007 and June 2008.
The “general rule for tort actions is that an action accrues when the plaintiff is injured.” Koe v. Mercer, 450 Mass. 97, 100-01 (2007); Joseph. A. Fortin Constr., Inc. v. Massachusetts Hous. Fin. Agency, 392 Mass. 440, 442 (1984). However, the discovery rule provides *420 an exception to this general rule in those cases where the plaintiff did not know, nor should she have known, of her injury at the time of the defendant’s actionable conduct. Koe, 450 Mass. at 101. Under the discovery rule, “a cause of action accrues when the plaintiff discovers or with reasonable diligence should have discovered that (1) he has suffered harm; (2) his harm was caused by the conduct of another; and (3) the defendant is the person who has caused that harm.” Harrington v. Costello, 467 Mass. 720, 727 (2014). This rule also “applies when determining when a cause of action arose for presentment purposes.” Darius v. City of Boston, 433 Mass. 274, 275 n.3 (2001); Krasnow v. Allen, 29 Mass.App.Ct. 562, 567 (1990).
In this case, even if the plaintiff knew in 2007 and 2008 that she was being improperly arrested and arraigned, or that her landlord and other parties improperly possessed her CORI, it is plausible that the Plaintiff did not recognize the source of her injuiy until defendant Delk-Millien pleaded guilty to criminal violations in November 2010. See Harrington, 467 Mass. at 727 (knowledge of responsible person’s identity is implicit in requirement that plaintiff know the defendant’s conduct caused him harm). The issue of what the plaintiff knew or should have known is a “factual question that is appropriate for the trier of fact.” Koe, 450 Mass. at 101; Riley v. Presnell, 409 Mass. 239, 240 (1991). Thus, if the plaintiff were to establish at trial that she lacked the requisite knowledge of the source of her injuiy until Delk-Millien’s guilty plea, then the date on which she sent the presentment letter, August 28,2012, was within the two-year time limit for presentment set out by G.L.c. 258, §4.
By the same reasoning, having filed her original Complaint in this matter on November 1, 2013, the date on which she became aware of her injuiy and its source would also plausibly be within the three-year statute limitations for all claims under the MTCA under G.L.c. 258, §4. Therefore the defendant agencies’ arguments based on the presentment and statute of limitations provisions of Section 4 do not carry the day.
ORDER
For the foregoing reasons, the Office of the Commissioner of Probation’s motion to dismiss is ALLOWED as to Count III (Invasion of Privacy) and Count V (Malicious Prosecution) of the Amended Complaint, and is DENIED as to Count IV (Violation of CORI).
The Department of Criminal Justice Information Services motion to dismiss is ALLOWED as to Count I (Invasion of Privacy) of the Amended Complaint, and is DENIED as to Count II (Violation of CORI).

‘The term ‘criminal offender record information’ is defined as ‘records and data in any communicable form compiled by a criminal justice agency which concern an identifiable individual and relate to the nature or disposition of a criminal charge, an arrest, a pre-trial proceeding, other judicial proceedings, sentencing, incarceration, rehabilitation, or release.’ ” Bellin v. Kelley, 435 Mass. 261, 264 (2000), quoting G.L.c. 6, §167.

According to G.L.c. 6, §167A(c), DCJIS is charged with the operation and maintenance of the “public information system, which includes but is not limited to, the criminal justice information system.” This system is designed to ensure the “prompt collection, exchange, dissemination and distribution of such public safety information as may be necessaiy for the efficient administration and operation of criminal justice agencies and to connect such systems directly or indirectly with similar systems in this or other states.” Id. DCJIS may also investigate the misuse of public safety information and issue sanctions, and may adopt rules and regulations regarding public safety information. See G.L.c. 6, §167A(d)-(e).

The plaintiff also asserted a civil rights claim against Delk-Millien under G.L.c. 12, §11H and 1II (Count VI), along with a claim for Malicious Prosecution (count VII). Those claims are not the subject of the pending motions, or of this Memorandum of Decision.

 I quote the current versions of Sections 171 and 172. The CORI statute has been amended recently. I need not consider, at this stage of this lawsuit, the question of what version of the statute applies in this case. For purposes of the present motion, it is enough to say that for many years the CORI statute has imposed obligations of the same general nature as in its current version.

The only possible exception is a passing comment, made in parentheses, in Bellin v Kelley, 48 Mass.App.Ct. 573 (2000), reversed, 435 Mass. 261 (2001). There the Appeals Court stated that a “willful violation” of Section 172 is “the prerequisite of an action for damages under § 177.” Id. at 579. The actions of the relevant defendant in Beilin were certainly “willful,” because that defendant was a police detective who deliberately discussed a suspect’s criminal record with the victim of the crime. Thus, the Appeals Court was not asked to consider the question ofwhether a Section 177 claim could be based on non-willful conduct. On further appellate review, the Supreme Judicial Court reversed, finding, among other things, “nothing unlawful in . .. the alleged disclosure of [the suspect’s] criminal record.” 435 Mass at 273. Under these circumstances, I do not regard as binding authorfiy the Appeals Court’s parenthetical statement, which was not forged in the fire of advocacy by adversaries disputing a live legal issue- — especially because the Supreme Judicial Court ultimately found, in the course of reversing the decision of the Appeals Court, that the facts did not present any violation of Section 172, “willful” or not. Even more irrelevant is Bynes v. School Committee of Boston 411 Mass. 264, 271 (1991), cited by DCJIS, where the court was interpreting Section 172 without even mentioning Section 177.

Although Probation has provided an affidavit stating that there is no record of Delk-Millien working for Probation during the relevant time, I do not consider this alleged fact for the purposes of this motion with few exceptions (see, e.g., footnote 7 below). ‘The only facts appropriate for consideration in deciding a motion to dismiss are those drawn from factual allegations contained within the complaint or within attached exhibits.” Eigerman v. Putnam Investments, Inc., 450 Mass. 281, 285 n.6 (2007). Probation is free to renew this argument at the summary judgment stage, of course, if discovery reveals no dispute about this alleged fact.

That is the date on the presentment letter attached to Probation’s motion. Even though I am considering a motion to dismiss, nonetheless I may consider the presentment letter, because Plaintiff had notice of that document (which was written by her lawyer) and relied in it in framing the Verified Complaint (which specifically refers to it at ¶14). See Marram v. Kobrick Offshore Fund, Ltd., 442 Mass. 43, 45 n.4 (2004).