NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-221

SACHCHIDANAND JHA & another[1]

vs.

DEPARTMENT OF EARLY EDUCATION AND CARE.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Sachchidanand and Ranjana Jha, operated child care programs on the first and second floors of their two-family home in Belmont until the defendant, the Department of Early Education and Care (department), declined to renew their licenses in 2019.[2]  The Jhas thereafter made several unsuccessful attempts, before both the Division of Administrative Law Appeals (DALA) and the Superior Court, see note 3, infra, to challenge the department's decisions.  The Jhas filed the present matter,

_____

[1] Ranjana Jha.

[2] As alleged, Sachchidanand and Ranjana each operated separate programs, located on the residence's second and first floors, respectively.  Although their allegations are not entirely clear, it appears as if Sachchidanand Jha's license was not renewed in 2018, and Ranjana Jha's license was not renewed in 2019.  For purposes of this appeal, distinctions between their programs, if any, are not material and unless otherwise indicated we refer to the plaintiffs, collectively, as the "Jhas" or "plaintiffs."

their third successive Superior Court action, in May 2021 under G. L. c. 258, the Massachusetts Tort Claims Act. The department moved to dismiss the Jhas' complaint pursuant to Mass. R. Civ. P. 12, 365 Mass. 754 (1974). Following a hearing, a Superior Court judge allowed the motion, dismissed the Jhas' complaint, and denied leave to amend, ruling that the department had immunity from liability under G. L. c. 258, §§ 10 (b) (discretionary function), and 10 (e) (licensing). The Jhas now appeal therefrom. We affirm.

The department regulates the programs and services provided by the Jhas and is tasked with monitoring and evaluating them "on an ongoing basis." G. L. c. 15D, § 2 (h). To accomplish this the department may -- and in the case of such "large family day care homes" as are at issue here, must -- conduct both announced and unannounced site visits and inspections. G. L. c. 15D, § 9 (a), (b). Subject to the right of "[a]ny party aggrieved by a final decision of the department" to seek judicial review under G. L. c. 30A, the department has broad statutory authority and discretion to "impose any . . . sanctions it considers appropriate" on such providers as it finds to be noncompliant; the department may also "suspend, revoke, . . . [or] refuse to . . . renew the license of any person" operating a program found to be noncompliant. G. L. c. 15D, § 10.

2

In 2019 the department inspected the Jhas' programs, found multiple regulatory violations, and imposed certain sanctions. After additional site visits uncovered more violations, the department issued new orders, including an order of suspension and notice that the department would not renew the program's license. As noted, Ranjana Jha thereafter unsuccessfully challenged the department's decisions, both administratively and through civil litigation, on several occasions.[3]

In the present matter, the Jhas allege, inter alia, that between 2017 and 2019, employees of the department, while inspecting the Jhas' programs and otherwise carrying out their duties, were "disrespectful," "humiliated them in the presence of the children" and others, and "spied" on them. The Jhas further allege that (i) departmental employees were in numerous instances untruthful in their observations, reports, other communications, and testimonies, and (ii) the department improperly sanctioned the Jhas, failed to clarify the Jhas'

---

[3] Those earlier challenges resulted in the following decisions and judgments: (i) a January 2020 DALA decision in the department's favor; (ii) a Superior Court judgment, entered on July 14, 2020, dismissing Ranjana Jha's 2019 action as moot; and (iii) a Superior Court judgment, entered on June 24, 2021, dismissing Ranjana Jha's subsequent G. L. c. 30A action filed in 2020. A panel of this court later affirmed the Superior Court judgment dismissing Ranjana Jha's c. 30A action. See Jha v. Department of Early Educ. & Care, 101 Mass. App. Ct. 1110 (2022).

obligations, failed to carry out its duties, and improperly declined to renew their licenses.

Preliminarily, and without considering whether the Jhas' present claims are barred by the prior judgments, we disagree that the motion judge misunderstood the Jhas' allegations, exhibited "a poor understanding of the" issues presented, or otherwise mischaracterized the Jhas' complaint. On our independent record review, we are satisfied that the judge demonstrated a thorough understanding of the Jhas' present allegations as well as a full appreciation of this matter's lengthy history. Indeed, the judge's thoughtful, careful decisional memorandum counters such claims.

More substantively, the judge did not erroneously apply G. L. c. 258, § 10 (e), which provides an exception to the Commonwealth's sovereign immunity waiver for "any claim based upon," among other things, the "failure or refusal to issue, deny, suspend or revoke any . . . license." While the Jhas attempt to characterize at least some of the department's alleged acts as independent torts unrelated to licensing, § 10 (e) "encompasses not only claims resulting directly from a licensing decision, but also claims 'rooted in' the licensing process" (footnote omitted). Andrade v. Somerville, 92 Mass. App. Ct. 425, 429 (2017), quoting Smith v. Registrar of Motor Vehicles, 66 Mass. App. Ct. 31, 33 (2006). "If the gravamen of

4

a plaintiff's complaint can be traced back to any one or more of the types of events or activities delineated in § 10 (e), then the action is barred."  Smith, supra.

In this case, the gravamen of the Jhas' complaint is that the department, in carrying out its statutory oversight and licensing duties, improperly found regulatory and other violations; issued sanctions and other orders; suspended and then declined to renew the Jhas' licenses; and defended its findings and decisions before administrative and judicial tribunals, all to the Jhas' and their business's injury.  As such, the Jhas' claims are rooted in the "issuance, denial, suspension or revocation [of] or failure . . . to issue" any license or similar authorization.  G. L. c. 258, § 10 (e).  See Andrade, 92 Mass. App. Ct. at 429 (where agency allegedly returned firearm to individual whose license had been revoked, failed to retrieve that firearm, and perpetrator thereafter used firearm to shoot victim, agency immune from liability, court concluded that "while the [victim's] injuries were not caused directly by the issuance or revocation of a firearms license, they are based upon the department's decision to revoke [the perpetrator's] license" [quotation omitted]).  Indeed, the Jhas acknowledge as much in their briefing, asserting that their claims "arise[] from the [department's] actions . . . during

5

2015-2019 [culminating] in delicensing of" the Jhas "to provide childcare at their home."  There was no error.

Nor do we perceive any error with respect to the judge's alternative holding under the so-called discretionary function exception.  See G. L. c. 258, § 10 (b).  As the judge noted, the Jhas' allegations all arise out of the performance of discretionary functions and duties entrusted by statute to the department and its employees.  In particular, in carrying out the department's statutory duties in this case, its employees were called upon to exercise professional judgment, weigh competing evidence, make credibility assessments, and interpret legal principles as those principles apply to the department's actions.  Accordingly, the department's actions as here alleged fall squarely within § 10 (b)'s ambit.  See Sena v. Commonwealth, 417 Mass. 250, 257 (1994) ("the conduct of law enforcement officials in investigating potentially criminal conduct and in seeking warrants for the arrest of those whom they investigate, are discretionary functions and therefore fall within the exception in § 10 [b]").  This is particularly so in this case where the Jhas had available to them, and in fact pursued, administrative and other alternative remedies.  See Pina v. Commonwealth, 400 Mass. 408, 414 (1987) (agency immune from liability for erroneous determination by agency employees that plaintiff no longer disabled where, among other things,

6

"there is obviously an alternate remedy available to the injured individual other than an action for damages" [quotation and citation omitted]).

We are unpersuaded that, because the department's decisions "arose from the actions of employees in a regional office," they were nondiscretionary.  See Harry Stoller & Co. v. Lowell, 412 Mass. 139, 143 (1992) ("Even decisions made at the operational level, as opposed to those made at the policy or planning level, would involve conduct immunized by the discretionary function exception if the conduct were the result of policy determinations").  We likewise are unpersuaded that the discretionary function exception could not properly be applied at the pleading stage.  See Greenwood v. Easton, 444 Mass. 467, 468 n.3 (2005) ("It is important to determine immunity issues early to protect . . . government agencies from unwarranted disruption and harassing litigation").  In this regard we note that the Jhas have not identified, either here or below, any anticipated discovery that could plausibly have supported a triable claim falling outside the scope of § 10 (b).

Finally, for the reasons discussed above and to the extent the Jhas so argue, we are unable to conclude that the judge abused his discretion by denying the Jhas' motion for leave to amend.  See Tocci v. Tocci, 490 Mass. 1, 24 (2022) (leave to amend properly denied where "the amendment would be futile").

7

See also G. L. c. 258, § 2 ("no . . . public employee . . . shall be liable for any injury or loss of property . . . caused by [their] negligent or wrongful act or omission while acting within the scope of [their] office or employment").  In light of the foregoing we need not address the Jhas' remaining arguments, to the extent made.  Nor need we address the alternative grounds pressed upon us by the department.

Judgment affirmed.

By the Court (Milkey,
  Neyman & Smyth, JJ.[4]),

*Joseph F. Stanton*

Clerk

Entered:  February 8, 2023.

---

[4] The panelists are listed in order of seniority.